AUGUSTA R. PRITCHARD, proponent and respondent,

*v.*

EMMA HOWELL et al., caveators and appellants.

[Decided January 18th, 1917.]

The orphans court, being a court of general jurisdiction, has power to revoke its certificate transferring questions involved on the probate of a will into the circuit court for trial, when the certificate was made without notice of the application therefor to the adversary party, because it is a principle of law that in every proceeding concerning the rights of individuals they are entitled to notice of any motion affecting those rights, even though notice be not directed by the statute under which the proceeding is had.

87 N. J. Eq.                    Pritchard v. Howell.

On appeal from an order of the Monmouth orphans court re-
voking a certificate transferring the questions involved on the
probate of a will into the circuit court for trial.

*Mr. Thomas P. Fay,* for the appellants.

*Messrs. John S. Applegate & Son,* for the respondent.

WALKER, ORDINARY:

A paper-writing purporting to be the last will and testament
of James Pritchard, deceased, was offered for probate before the
surrogate of Monmouth county. A caveat was lodged against
the probate by the decedent's heirs-at-law and next of kin. The
parties were duly cited and warned to appear before the orphans
court on the issue of will or no will. After the cause was trans-
ferred to the orphans court, the caveators, or some of them, pe-
titioned that court to certify the questions involved in the con-
troversy into the circuit court for trial before a jury pursuant
to the statute. The certificate prayed for was granted.

Section 18 of the Orphans Court act (*Comp. Stat. p. 3818*)
provides that the orphans court may, on application of the
caveator, appellant or proponent, certify the questions involved
in proceedings respecting the probate of a will into the circuit
court for trial before a jury, and that upon filing such a certifi-
cate with the clerk of the circuit court, that court shall have
jurisdiction to try the cause upon an issue to be framed. The
certificate in question was made on March 30th, 1916, but, not
being filed with the clerk of the circuit court, notice was given
on April 8th, 1916, of a motion before the orphans court on
April 13th, then instant, to revoke the certificate. On the day
the motion was argued the certificate was filed with the clerk of
the circuit court. The judge of the orphans court held that the
circuit court did not have jurisdiction by virtue of the certificate
on the day the notice of the motion to revoke it was served. He
further held that he had jurisdiction to make the revocation,
which was ordered, citing *Brothers* v. *Pickel, 31 N. J. Eq. 647,*
and *Vincent* v. *Vincent. 70 N. J. Eq. 274.* The reason which
provoked the motion to revoke the certificate was that it was

made without notice and that no opportunity was afforded the proponents to be heard.

In the case of *Brothers* v. *Pickel,* Chancellor Runyon, sitting as ordinary, held that the section of the Orphans Court act providing for the certification of questions involved in a controversy over the probate of a will, was discretionary and not mandatory. And in *Vincent* v. *Vincent,* Vice-Chancellor Emery held that the orphans court is a superior court of general jurisdiction and has the same authority over its decrees as may be exercised by any court of general jurisdiction. These authorities, I think, sustain the asserted power of the judge of the orphans court in this case.

The orphans court is a court of general jurisdiction over the subjects within its cognizance and partakes of the powers of the chancery and prerogative jurisdictions. *In re Hathorne's Will, 97 Atl. Rep. 262.* In that case, I held that the orphans court had power to vacate its decrees in a probate case.

In *Mellor* v. *Kaighn (Court of Errors and Appeals), 99 Atl. Rep. 207,* the difference between the orphans courts as courts of general jurisdiction and the surrogate's courts as courts of special jurisdiction, was pointed out. And it was held that a surrogate's jurisdiction is purely statutory, and that where he exercises jurisdiction his power is exhausted and he cannot open or vacate his decree for any cause.

The decisions, and they are quite numerous, support the power of the orphans court as a court of general jurisdiction, to deal with its orders and decrees in the same way and with like authority as other courts of general jurisdiction.

The caveators, as stated, filed an appeal from the order of the orphans court vacating the certification of the issue into the circuit court, and make the point that no notice was required to be given of the application for certifying, because the statute does not in terms require it. True, the statute does not require it, but the proponent has rights in the subject-matter of the controversy, including the right to be heard as to the forum in which those rights should be tried. And where a statute clothes courts with jurisdiction without prescribing the method of procedure, that procedure should be adopted, which is usual in like

cases. *In re Foran, 85 N. J. Eq. 288; In re Martin, 98 Atl. Rep. 510, 513.*

That the proponent had a right to notice and opportunity to be heard upon the question of certification into the circuit court, I think is free from doubt.

Chief-Justice Hornblower, in *New Jersey Turnpike Co.* v. *Hall, 17 N. J. Law 337* (at *p. 339*), said:

"Independent of the express provision in this statute, requiring a notice to be served on the *nearest* gatekeeper, no principle or rule of action is better settled at the common law, than that whenever a court or any person acting under legal authority, is to act judicially, or to exercise a discretion in a matter affecting the rights of another, the party thus to be affected is to have reasonable notice of the time and place, when and where such act is to be done, to the end that he may be heard in defence, or for the protection of those rights."

In *Chosen Freeholders of Hudson Co.* v. *State, 24 N. J. Law 718,* Mr. Justice Elmer (at *p. 719*), said:

"It is a dictate of natural justice that when an act is to be done by a court, or other authority, which is specially to affect a particular individual, reasonable notice should be given to him so that he may appear and be heard, if he thinks proper."

In *Van Tilburgh* v. *Shann, Ibid. 740,* it was held that in every proceeding affecting property of individuals, the owners are entitled to notice of the proceedings, although not directed by statute. The property of individuals cannot be affected without affecting their rights.

The order of the orphans court revoking the certificate for trial in the circuit court will be affirmed.