In the matter of the application for a receiver for PUBLIC SERVICE RAILROAD COMPANY, by A. Henry Kollmar, petitioner.

[Decided September 17th, 1923.]

1. An application for the appointment of a receiver under the General Railroad act (*Comp. Stat. p. 4219 § 86*) is not a proceeding before the chancellor as a statutory magistrate or legislative agent, but is a proceeding in the court of chancery itself.

2. Under a prayer for further or other relief, or without it according to the present rule of court, petitioner may have such relief as he shows himself to be entitled, without a specific prayer therefor.

3. On application for a receiver under the statute, to operate a railroad for the benefit of the public, where the railroad has ceased to run any car for a period of ten days, and the facts and circumstances warrant it, the court may, under its general jurisdiction, issue a mandatory injunction compelling the company to operate, with leave to petitioner to apply for a receiver under the general equity powers of the court in case the injunction is disobeyed.

On petition, &c.    On application for appointment of a receiver for Public Service Railroad Company.

*Mr. Thomas F. McCran,* attorney-general, and *Mr. William Newcorn,* assistant attorney-general, for the petition.

*Mr. Robert H. McCarter, Mr. Frank Bergen, Mr. Merritt Lane, Mr. E. Ambler Armstrong* and *Mr. William H. Speer, contra.*

WALKER, CHANCELLOR.

This is an application for the appointment of a receiver for a trolley line organized under the General Railroad act. *Comp. Stat. p. 4219.* The power invoked is that residing in section 86 of the act, which provides that if any railroad company has failed or neglected to run daily trains on any part of its road for ten days, the chancellor, on petition of any citizen of this state, and on due proof of the facts, may appoint a receiver who shall take possession of all the property of the company and operate its road and transact the ordinary business thereof in the transportation of freight and passengers for such time as the chancellor may direct.

The case is before me on petition and affidavits and answer and affidavits. It is conceded that the road has not operated since August 1st, 1923; and defendant asserts that it has always been operated at a loss, which is not denied.

It appears that the roadway of the company commences in Elizabeth and runs to a point north of New Brunswick, and commences again at a point south of New Brunswick and runs to Trenton. There is, however, a continuous line of railroad tracks from Elizabeth to Trenton, running through New Brunswick between the *termini* at the points last mentioned, over the tracks of the Public Service Railway Company, which operates the road here in question under a traffic agreement. The petition prays for the appointment of a receiver and for further and other relief. The court is therefore not obliged to grant or deny the relief specifically

prayed, but can give any measure of relief to which in its judgment the petitioner is entitled. Moreover, by rule 47 annexed to the Chancery act (1915), now rule 60 of this court, it is provided that relief, other than that prayed for, may be given (without a prayer for general relief) to the same extent as if general or other relief had been prayed. It was conceded on the argument that an information might have been filed in this matter as well as in that of *McCran, Attorney-General*, v. *Public Service Co.*, heard and decided with this case. And this application is not before me as a statutory magistrate or legislative agent, but is a proceeding in the court of chancery itself. So the court of last resort declared in *Delaware B. & C. M. R. R. Co.* v. *Markley, 45 N. J. Eq. 139*.

I do not feel willing to appoint a receiver in this matter in the facts and circumstances before me, and have concluded under the prayer for further and other relief to grant a mandatory injunction compelling the defendant company to operate its road, the same as in *McCran, Attorney-General*, v. *Public Service Railway Co.*, and for the reasons stated in that case, with the alternative that if the mandate to operate is not obeyed, a receiver may be applied for, as in that case, under the general equity powers of the court. This course I deem much fairer to the defendant company, and it will also avoid any doubt as to the validity of section 86, which has been questioned by the defendant, and concerning which the court of errors and appeals suggested difficulty in *Long Branch* v. *Southern Railroad Co., 26 N. J. Eq. 539* (at *p. 540*).

As the Public Service Railroad Company has always been operated by the Public Service Railway Company, since the latter acquired the former, operation of its own road by the Public Service Railway Company will facilitate operation of the Public Service Railroad Company.

Mandatory injunction accordingly.