IN THE MATTER OF THE PETITION FOR DISSOLUTION
OF COLLINS-DOAN COMPANY.

LOUIS G. MORTEN, ISRAEL DOAN, MARY G. DOAN AND
ALFRED K. MOE, PETITIONERS-RESPONDENTS, v.
SAMUEL B. COLLINS, HARVEY A. COLLINS AND COL-
LINS-DOAN COMPANY, RESPONDENTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued March 14, 1949—Decided July 18, 1949.

Before Judges McGeehan, Donges and Colie.

*Mr. William E. Decker* argued the cause for the respondents-appellants.

*Mr. John W. Griggs* (*Messrs. Morrison, Lloyd & Griggs,* attorneys) argued the cause for the petitioners-respondents.

The opinion of the court was delivered by

McGEEHAN, S. J. A. D.   This appeal is from a judgment entered on December 14, 1948, in the Chancery Division of the Superior Court, which ordered the dissolution of the Collins-Doan Company "in accordance with the provisions of *R. S.* 14:13–15."

The court below ordered the dissolution on its finding that the requirements of *P. L.* 1938, *c.* 303 (which is referred to as *R. S.* 14:13–15) had been met, in that (a) the corporation has four directors who are equally divided respecting the management of its affairs; (b) the voting shares are equally divided into two independent ownerships or interests, and one-half thereof is owned by the petitioners who favor the course or views of part of the directors and the other one-half is owned and controlled by persons favoring the course or views of the other directors; and (c) the holders of shares entitling them to exercise one-half or more of the voting power have joined in filing the petition.

The corporation was organized December 20, 1916.   It acquired the printing business of the partnership of Collins and Doan and issued in payment therefor 100 shares of its 6% cumulative preferred stock and 110 shares of its common stock.   Israel Doan received 100 shares of preferred stock; Samuel Collins, 105 shares of common stock; and Alfred Moe, five shares of common.   The stock now held by Morten and Mary Doan is part of the 100 shares issued to Israel Doan and the stock now held by Harvey Collins is part of the 105 shares issued to Samuel Collins.   The certificate of incorporation provides that the holders of preferred stock shall have equal representation on the board of directors with the holders of the common stock.   The by-laws provide for four directors: two to be elected by the preferred stockholders and two by the common stockholders.   Directors have been elected annually from 1916 to 1946, inclusive; and Israel Doan, since 1916, and Louis Morten, since 1937, have been elected by the pre-

ferred stockholders, and Samuel Collins and Alfred Moe, since 1916, have been elected by the common stockholders.

At the first meeting of the directors on December 20, 1916, Israel Doan was elected president; Samuel Collins, treasurer; and Alfred Moe, secretary; and these officers have been re-elected annually by the directors, excepting during the years 1938 to 1945, inclusive, when no directors' meetings were held, because Doan and Morten refused to participate. Upon a motion made by director Morten, these officers were last elected at a meeting of the directors on February 4, 1946, which is fifteen days before the filing of the petition for dissolution. Following the incorporation in 1916, Israel Doan for a month or so participated in the business, but then withdrew. Samuel Collins has been the active manager of the business since the incorporation. Dividends were paid on the preferred stock until 1932, and no dividend has been paid since.

The first and only disagreement among the directors on any matter voted upon at a directors' meeting occurred at a meeting on February 1, 1937. A resolution was introduced by director Morten, seconded by Doan, that the directors purchase the preferred stock issued and outstanding, at par, with accrued dividends, for which the preferred stockholders offered to accept in payment a mortgage on the assets for that amount. Morten and Doan voted "yes" and Collins and Moe voted "no." When this motion failed of passage, Morten made a protest against the payment of any further salaries or commissions to either Samuel Collins or Harvey Collins, and both Morten and Doan then withdrew from the meeting. After the election of the same directors in February, 1938, Morten sent a statement to the secretary notifying him that neither Morten nor Doan would participate in any organization meeting of the new directors. From 1937 until the meeting of February 4, 1946, Morten and Doan continued their refusal to take part in any meeting of the directors. At the directors' meeting of February 4, 1946, the officers were re-elected unanimously and the meeting was adjourned to February 28, 1946. At the directors' meeting on February 28, 1946, Morten and

Doan received the audit for 1945, and they then withdrew from the meeting. The petition for dissolution had been filed, in the meantime, on February 19, 1946.

█ █ The ordinary method for dissolution of a corporation by action of its directors and stockholders is set forth in *R. S.* 14:13–1 *et seq.*, and requires the consent of two-thirds in interest of all the stockholders. *P. L.* 1938, *c.* 303, was not intended to permit dissolution merely on the petition of the holders of shares entitling them to exercise one-half of the voting power. The statute, in requiring an equal division of the directors respecting the management of the corporate affairs, contemplates a deadlock on a question or questions which, if undecided, will result either in an inability to provide management of its affairs, or in the prevention of the attainment of the objects of the corporation, or in serious danger to the rights of the stockholders of the corporation. If the statute required less, its application to a corporation such as this, which was organized before its effective date, might be unconstitutional as purely a regulation of the rights of the stockholders *inter sese*, despite the provisions of *R. S.* 14:2–8 and 14:2–9. *In re Newark Library Association*, 64 *N. J. L.* 217 (*Sup. Ct.* 1899).

█ █ The even division of the directors on the Morten resolution of February 1, 1937, was not a deadlock on an issue within the contemplation of the statute. Petitioners relied also on testimony that neither Doan nor Morten was consulted by Samuel Collins about the payment of bills, the incurring of obligations, the salary of the manager after 1937, and that Samuel Collins in 1945 had moved the plant from a building owned by the corporation to another building which he leased. These are matters within the control of the board of directors. Morten and Doan, by refusing to attend meetings of the directors and by failing to seek action by the directors when they did attend, prevented any adjustment of these matters by the board. The court cannot assume or guess what the situation will be when the directors meet, and cannot assume that any difficulties may not be overcome. The proof in this case fails to meet the requirement of the statute that

the directors are equally divided respecting the management of the corporation's affairs.

The judgment under appeal is reversed.

DONGES, J. A. D. (Dissenting.) I am unable to agree with the determination to reverse the judgment under review.

The majority opinion sets forth the facts with respect to the equal division of the stock.

The certificate of incorporation provides for four directors of the corporation, two of whom are to be elected by the holders of the preferred stock, and two directors by the holders of the common stock.

The plaintiffs seek relief under the provisions of *R. S.* 14:13–15, which reads:

"Every corporation organized under Title 14 of the Revised Statutes may be dissolved by the decree of the Court of Chancery when it is made to appear that the corporation has an even number of directors who are equally divided respecting the management of its affairs, and that the voting shares of such corporation are equally divided into two independent ownerships or interests and one half thereof is owned or controlled by persons favoring the course or views of part of the directors, and one half is owned or controlled by persons favoring the course or views of the other directors, or that the persons owning or controlling the voting shares are unable to agree on, or vote for, the election of a board of directors consisting of an uneven number, and, in either such event, the holders of shares entitling them to exercise one half or more of the voting power shall have voted for such dissolution, or shall have agreed in writing thereto, or shall join in filing the petition for dissolution. The petition for dissolution may be filed by one half of the directors when there is an even number of directors who are unable to agree as to management, if the holders of one half or more of the shares have voted for or agreed in writing to such dissolution, or it may be filed by the persons holding one half of the voting shares when such persons are unable to agree with the persons holding the other half of such shares as hereinabove provided. The petition shall be verified by the petitioners or one of them. A schedule shall be annexed to the petition setting forth the name of each shareholder, his address if it is known, or, if it is not known, stating that facts, and the number of shares belonging to him. Such schedule need not be annexed if the petitioner shall state that he is unable to annex a list of such shareholders. Whenever shares, the holders of which are entitled to petition for dissolution, shall be deposited subject to the control of a committee which is authorized by the deposit agree-

ment to represent depositing shareholders with respect to dissolution proceedings, the petition may be filed by such committee or the majority of the members thereof.

The provisions of chapter thirteen of Title 14 of the Revised Statutes shall be applicable hereto, except so far as they be inconsistent with the provisions hereof. *L.* 1938, *c.* 303, *p.* 697, *sec.* 1."

The trial judge found that:

"The evidence discloses a situation for which the statute provides a remedy. The charter of Collins-Doan Company sets forth that the board of directors of the company shall consist of four members, two being elected by the common stockholders and two by the preferred stockholders. By reason of disagreement between the directors, they being equally divided, the board has not functioned since 1936. Collins, who controls the common stock, has run the business as though it were his own private enterprise. He has set salaries, determined business policies and has taken upon himself the responsibility of deciding that dividends should not be paid, all without authority from the board, which was not consulted. Latterly he moved the business from the plant which it owned to a new location in a building owned by his son. All of these activities may have been, as respondents allege, for the benefit of the company but they were in defiance of the law governing corporate operations and certainly at the expense of the preferred stockholders who have been deprived of dividends. The petitioners, being one half of the board of directors, and representing one half of the stock of the company, seek a dissolution of the company under the provisions of *R. S.* 14:13–15, and the question arises whether the statute is available to them, the jurisdictional facts being present."

I am of opinion that the evidence clearly supports this finding of fact. It is true that from 1916 to 1946 directors were annually elected, but the board of directors have not functioned since 1936, since which time Collins has run the business as if it were his own. No dividends were paid on the preferred stock after 1937, although Collins and his son received increases in salaries.

Nor is the consent of two thirds of the stockholders necessary by the last section of the act of 1938. It clearly appears from the evidence that the voting shares are "equally divided into two independent ownerships or interests and one half is owned or controlled by persons favoring the course or views of the other directors." The will of one half of the directors

has been disregarded by Collins and he has, as stated, run the business as his own.

The appellants also argue that the statute relied on is not applicable, because it was given a retrospective operation, and that it operates prospectively only, and, therefore, will not apply to corporations organized under an act adopted prior to 1938, when the statute under discussion was adopted by the Legislature.

*In re Evening Journal Association,* 1 *N. J.* 437, 64 *A.* 2d 80 (1948), a somewhat similar situation was dealt with. The court did not directly pass upon the precise question of the applicability of the statute involved to a corporation chartered prior to 1938. In that case, Mr. Justice Ackerson, speaking for the court said:

"This brings us to the dispositive question raised by this appeal, *i. e.,* whether *R. S.* 14:13–15, *N. J. S. A.,* constituted the court of Chancery a mere legislative agent to administer a purely statutory proceeding, or whether it conferred judicial power upon the court to be exercised according to the normal procedures in equity in the accomplishment of the legislative purpose.

"Careful study of this statute has convinced us that it confers judicial power to be exercised according to the ordinary processes of chancery. It provides for a 'decree' of dissolution by the 'Court of Chancery.' A decree is the judicial decision of a litigated cause by a court of equity, *Hudson Trust Co. v. Boyd (Ch.* 1912), 80 *N. J. Eq.* 267, 273, 84 *A.* 715; *Bull v. International Power Co. (Ch.* 1915), 84 *N. J. Eq.* 209, 93 *A.* 86; *Bouv. Law Dict., Rawle's Third Revision, p.* 802. The decree is to be made only after the determination of certain jurisdictional facts, *i. e.,* that the membership of the board of directors is even in number and equally divided with respect to corporate affairs, and that the ownership of its voting shares is also equally divided in the same way resulting in a stalemate in corporate management. These are undoubtedly justiciable questions to be decided by the court in its judicial capacity and not as a mere agent of the legislature. *Cf. In re Public Service Railroad Co., (Ch.* 1923), 95 *N. J. Eq.* 31, 122 *A.* 209; *Delaware Bay & Cape May R. Co., v. Markley, (E. & A.* 1888), 45 *N. J. Eq.* 138, 16 *A.* 436.

"We consider that the jurisdiction conferred by the statute in question is akin to that conferred upon the Court of Chancery for the dissolution and winding up of an insolvent corporation under *R. S.* 14:14–3 *et seq., N. J. S. A.,* and, since the latter is exercisable through a judicial proceeding in a court of equity, reviewable by appeal rather than by *certiorari* under the former practice, so is the former for the same reasons.

"It will be noted that no specific procedure is provided in the instant statute for exercising the important power conferred upon the court and for the ascertainment of the jurisdictional facts upon which its exercise depends. Under such circumstances the power conferred is ordinarily exercised according to the usual procedures of the designated court. *Cf. In re Foran* (*Ch.* 1917), 85 *N. J. Eq.* 288, 98 *A.* 640; *In re Martin* (*Ch.* 1916), 86 *N. J. Eq.* 265, 273, 98 *A.* 510; *Pritchard v. Howell* (*Prerog.* 1917), 87 *N. J. Eq.* 252, 254, 99 *A.* 845; *Borden v. Wolf Silk Co., Inc.* (*Ch.* 1931), 108 *N. J. Eq.* 438, 441, 155 *A.* 623."

The rationale of this decision is that the Legislature may provide for the dissolution of a corporation under *R. S.* 14:13–15, as it may for insolvency or other grounds. As insolvency is a ground for dissolution regardless of the date of incorporation, so is a situation as shown in the instant case.

I conclude that the judgment under review should be affirmed.