42 N.J. Super. 243 (1956)
126 A.2d 45
WILLIAM S. ROACH, PLAINTIFF-RESPONDENT,
v.
DAVID W. MARGULIES, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1956.
Decided October 22, 1956.
*244 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Morton Stavis argued the cause for the respondent (Messrs. Gross, Blumberg, Goldberger & Stavis, attorneys).
Mr. Max L. Rosenstein argued the cause for the appellants.
The opinion of the court was delivered by FRANCIS, J.A.D.
In this derivative action the plaintiff charges the individual defendants, who are officers and directors of the defendant corporation, Around the World Shoppers Club, Inc., with mismanagement and self-dealing to his financial disadvantage as a 30% stockholder and to the detriment of the corporation.
In the course of the proceedings plaintiff was granted an order to inspect the records of the defendant corporation as well as those of certain other companies owned or controlled by the individual defendants. The firm of accountants engaged to do the work reported to the court that *245 defendants had failed and refused to cooperate in the matter and had imposed "severe limitations" on their attempts to pursue the discovery.
A motion followed to hold the defendant David W. Margulies in contempt, and for the appointment of a receiver for the corporate defendant. After argument, the Chancery Division denied the application for a receiver without prejudice and instead appointed a "special fiscal agent" for the corporation "with full power and authority to check the propriety of all disbursements to be made or proposed to be made by the corporation, Around the World Shoppers Club, Inc., and Shop the World Club" (also owned by the individual defendants and the plaintiff in the same stock proportions). The order provided also that if the fiscal agent questioned any item of disbursement "he shall report to the parties accordingly," and that upon report by the agent any party had permission to apply to the court for relief with respect thereto if deemed advisable.
Leave to appeal from this interlocutory order was granted to defendants. They argue now that the trial court had no power to make such an order, that it constitutes an unwarranted interference with affairs of the corporation and that there was no sufficient proof of wrongdoing to justify such action.
It is well recognized that a court of equity has inherent power in a proper case to appoint a receiver for a corporation on the ground of gross or fraudulent mismanagement by corporate officers or gross abuse of trust or general dereliction of duty. And solvency of the corporation is not a bar to such action. Gillies v. Pappas Brothers, 138 N.J. Eq. 202, 205 (Ch. 1946); Hollander v. Breeze Corporations, Inc., 131 N.J. Eq. 585, 606, 612 (Ch. 1941), affirmed Id., 131 N.J. Eq. 613 (E. & A. 1942); Hill v. Dealers Credit Corp., 102 N.J. Eq. 310, 313, 314, 319 (Ch. 1928); 13 Fletcher, Cyclopedia Corporations, § 6032 (1943); 16 Id. § 7671 (1942). However, such drastic action is avoided where possible, and if the relief necessary can be accomplished by some less onerous expedient. In re Public Service R. Co., *246 95 N.J. Eq. 31, 33 (Ch. 1923); Laurel Springs Land Co. v. Fougeray, 50 N.J. Eq. 756, 761 (Ch. 1893).
In the present situation the trial court decided not to appoint a custodial receiver, quite obviously in an effort to avoid injuring the business in its relations with the public and its large number of subscribers. However, substantial evidence had been presented to demonstrate lack of adequate or standard accounting practices (in apparent violation of the written agreement between the plaintiff and defendants Margulies and Sackheim) and of questionable selfdealing by the individual defendants. So in an effort to refrain from hindering the corporate business operations and at the same time to afford some protection to plaintiff, the fiscal agent with circumscribed powers was appointed. It is an ingeniously equitable pendente lite device undoubtedly hopefully contrived to avoid more stringent measures. As Justice Heher indicated in Sears, Roebuck & Co. v. Camp, 124 N.J. Eq. 403, 411 (E. & A. 1938):
"Equitable remedies `are distinguished for their flexibility, their unlimited variety, their adaptability to circumstances, and the natural rules which govern their use. There is in fact no limit to their variety and application; the court of equity has the power of devising its remedy and shaping it so as to fit the changing circumstances of every case and the complex relations of all the parties.' 1 Pomeroy, Equity Jurisprudence, sec. 109 (5th ed. 1941). A lack of precedent, or mere novelty in incident, is no obstacle to the award of equitable relief, if the case presented is referable to an established head of equity jurisprudence  either of primary right or of remedy merely."
We find no error in the challenged action. The order is affirmed with costs to plaintiff.