711 A.2d 360

PHILIP KASSOVER, PLAINTIFF–APPELLANT, AND PAULA KASS-
OVER FIEDLER, PLAINTIFF, v. PAULA ROSE KASSOVER,
DEFENDANT–INTERVENOR–RESPONDENT, AND LAW-
RENCE KASSOVER, SARA SLOBODIEN, HARRIET BAIME,
PHYLLIS KASSOVER ANIKSTEIN, AND KATHI ANN KASS-
OVER, DEFENDANTS–INTERVENORS.

THE GARDEN CITY CO., INC. AND SAVEMART, INC., DE-
FENDANTS–THIRD–PARTY PLAINTIFFS, v. MORTON
KASSOVER, THIRD–PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued May 4, 1998—Decided May 28, 1998.

Before Judges PETRELLA and SKILLMAN.

*Frederick L. Whitmer*, argued the cause for appellant (*Pitney, Harden, Kipp & Szuch*, attorneys; *Allan M. Pepper*, of the New York Bar, admitted pro hac vice, of counsel; *Mr. Whitmer*, on the brief).

*Brian T. Bellavia*, argued the cause for respondent.

The opinion of the court was delivered by

SKILLMAN, J.A.D.

The individual parties to this action, all members of the Kassover family, own thirty-eight commercial properties in New York and New Jersey as tenants in common. In 1976 the parties and in some instances their predecessors in interest entered into a non-partition agreement under which they waived any right to seek partition of the properties for a period of twenty-one years. Serious disagreements subsequently developed among the parties concerning management of the properties. One disagreement relating to a lease to defendant Savemart, Inc. resulted in the filing of this action in 1987. The case was tried in April 1990, which resulted in the entry of a judgment upholding the validity of the lease to Savemart. The judgment also provided for the appointment of a "Special Fiscal Agent" to manage the properties until the expiration of the non-partition agreement.

Plaintiff-appellant Philip Kassover (hereinafter referred to as Philip) appealed the judgment to this court. With one modification which is not material to the present appeal, we affirmed in an unreported opinion. *Kassover v. Garden City Co.*, A–4–90T5 (decided June 11, 1991). Our opinion stated in part:

An examination of the trial judge's opinion shows that his action was predicated on the fact that the non-partition agreement prevents recourse to the remedies normally available when tenants-in-common are intractably deadlocked and requires that equity fashion an appropriate remedy. We entertain no doubt as to the correctness and justice of his decision.

. . . .

> The inability of the parties to carry out the cooperative obligations inherent in the joint tenancy management of this property, irrespective of fraud or misconduct, is sufficient to warrant the intervention of equity.
>
> . . . .
>
> [W]e note that if plaintiff finds the use of the so-called fiscal agent unacceptable, he need only enter into some other viable arrangement to end the deadlock. Apparently the others are willing to enter into a management agreement which would obviate the need for court supervision.

The parties have never been able to reach agreement concerning the terms of such a management agreement.

Subsequent to our decision, the court appointed a certified public accountant to assist the Special Fiscal Agent and a "management committee," consisting of two of the tenants in common and the Special Fiscal Agent.

Upon the expiration of the non-partition agreement in 1997, intervenor-respondent Paula Rose Kassover (hereinafter referred to as Paula) filed a motion which among other things sought an order continuing the appointment of the Special Fiscal Agent. Philip and Morton Kassover opposed the motion. Philip's opposing certification stated in part:

4. As of July 22, 1997 the non-partition agreement will expire. Thus, at that point, there will be no need for the intervention of a court of equity; any party who desires to "break a deadlock" can do so. I am informed that there will then be an adequate remedy at law because partition will then be available to those who wish to withdraw.

5. I recognize that many of the tenants in common will not want to seek partition; I certainly do not. But as things will then stand, the parties will have to learn to get along, or, if they cannot, those who wish to can seek partition.

. . . .

7. I do not believe that when it issued the Order, it was the Court's intention that some tenants-in-common abandon their responsibilities to the Court.

. . . .

12. I believe that the right (and duty) of the tenants in common to deal with the leasing of their own properties is so fundamental that it should not be left in the hands of a non-owner, no matter how objective, talented and well-meaning. . It is this right which the Court determined in this litigation that it was required to abrogate as a result of the non-partition agreement, and it is this right which I, for

one, believe must be returned to the owners of the Properties now that the non-partition agreement is expiring.

The other parties did not respond to the motion.

The trial court granted Paula's motion to continue the appointment of the Special Fiscal Agent. The court recognized that the parties' failure to enter into a management agreement which would obviate the need for court supervision was their own fault. Nevertheless, the court concluded that the continuation of the Special Agent's appointment was required to avoid a waste of assets. The court also stated that "[w]hat these parties should do is actively seek to remove this Court from its oversight position and enter into their own private agreement, or partition all of the properties or most of them, or at least some of them, if they want to get rid of them." However, the court did not impose any deadline for the termination of the Special Agent's appointment or the other components of the court's management of the property.

The court memorialized this decision by an order entered on July 29, 1997, which provides in pertinent part:

1. The prior Orders of this Court, appointing William Heller, Esq. and Zerah and Co., P.C., to their respective positions shall continue in effect, and Mr. Heller and Zerah & Co., shall continue to exercise the powers and duties conferred upon them by the prior Orders of this Court, except as limited or modified herein; and

2. The prior Orders of this Court, creating and empowering a committee of the Tenants–in–Common to manage the real properties of the aforesaid Tenants–in–Common, shall continue in effect, and said committee shall continue to exercise the powers and duties conferred upon it by the prior Orders of this Court, except as limited or modified herein; and

3. The provisions of paragraphs 1 and 2 of this Order may terminate at such time as the Tenants–in–Common execute a private management agreement which provides a system to manage the real properties of the Tenants–in–Common which agreement shall be satisfactory to the court.

. . . .

5. Any Tenants–in–Common may seek partition with respect to any of the real properties owned by the Tenants–in–Common in any court with appropriate jurisdiction, and upon a judgment of partition, the provisions of this Order shall terminate with respect to the property partitioned.

Philip appeals. We affirm the July 29, 1997 order insofar as it continues the appointment of the Special Fiscal Agent, accountant and management committee beyond the expiration of the non-

partition agreement. However, we conclude that the court abused its discretion in failing to establish a termination date for these appointments and for the court's management of the property. Therefore, we remand the case to the trial court to set such a termination date.

Our courts have long recognized that a court should generally appoint a receiver of a business or of land held in common only for the short period of time required to protect assets pending a final resolution of litigation or a dissolution of the business enterprise. For example, in *In re N.J. Refrigerating Co.*, 95 *N.J. Eq.* 215, 222–23, 122 *A.* 832 (E & A 1923), the Court affirmed the appointment of receivers to supervise the dissolution of a corporation in which a cessation of business was imminent. The Court cited with approval a lower court decision which indicated that such remedies "should be exercised with caution and only so long as necessary to preserve the property of the corporation and protect the interests of the stockholders." *Id.* at 221, 122 *A.* 832. Even more directly on point, in *Bilder v. Robinson*, 73 *N.J. Eq.* 169, 176, 67 *A.* 828 (Ch.1907), the court indicated that it would not appoint a permanent or long-term receiver simply because the owners of a business have a disagreement which interferes with efficient management:

> A court of equity certainly should be cautious in undertaking permanently through a receiver or otherwise to collect the rents of land held by tenants in common and equitably divide the same among them merely because they disagree among themselves, and thereby become incapable of attending to this business for themselves in a satisfactory manner. When no partition is prayed for, although it appears that the land held in common is capable of partition, or, being incapable of partition, is of such character and is so related to the parties that a sale thereof and division of the proceeds will accomplish justice, this court, it seems to me, should be extremely cautious in establishing what might be a permanent receivership for the administration of the land held in common. A court of equity will not carry on a partnership business through a receiver in a suit in which a dissolution is not sought merely because the partners disagree, or because the complainant partner is excluded.

Similarly, in *Roach v. Margulies*, 42 *N.J.Super.* 243, 246, 126 *A.*2d 45 (App.Div.1956), we characterized the appointment of a "special fiscal agent" to oversee the disbursements of a solvent corporation

as a *"pendente lite* device ... contrived to avoid more stringent measures."

In this case, the non-partition agreement provided the sole possible justification for the long term appointment of a Special Fiscal Agent to manage the property. Although the parties' failure to enter into a management agreement during the Special Fiscal Agent's long tenure provided an adequate basis for a short extension of his appointment to afford the parties a final opportunity to negotiate a management agreement or, if that cannot be done, to seek partition, there is no justification for this appointment to continue for an indefinite period of time. Courts exist to resolve disputes between litigants, not to manage the businesses of persons who are unwilling or unable to do it themselves. The Special Fiscal Agent has been managing the Kassover properties for nearly eight years, and there is no end in sight. The parties have not entered into a management agreement, and after the passage of this much time there is no basis for optimism that they ever will. Moreover, at oral argument we were advised that although Lawrence Kassover petitioned for partition in November 1997, he subsequently withdrew the petition and no party is currently seeking partition of any property. Therefore, the absence of any evident progress towards winding up the court's management of the Kassover properties since entry of the July 29, 1997 order reinforces our conclusion that the establishment of a short date for the termination of the appointments of the Fiscal Agent, accountant and management committee is the only way this objective is likely to be achieved.

Accordingly, the July 29, 1997 order is affirmed except insofar as it fails to fix a termination date for the appointment of the Special Fiscal Agent, accountant and management committee, and the case is remanded to the trial court for the purpose of fixing such a date. Jurisdiction is not retained.