**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5196-17T1

DAWN MARIE MASTIN,

      Plaintiff-Respondent,

v.

74-76 & 78-80 CARMER
AVE. ASSOCIATES, LLC
and JOSEPHINE RUSSO,

      Defendants-Respondents,

v.

BARTOLOMEO MILAZZO,

      Defendant/Third-Party
      Plaintiff-Respondent,

v.

SALVATORE MILAZZO

      Third-Party Defendant-
      Appellant,

and

THOMAS MILAZZO,

Third-Party Defendant-Respondent.

_____

Submitted August 5, 2019 – Decided September 6, 2019

Before Judges Sabatino and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000046-17.

Pearce Law LLC, attorneys for appellant (Randy T. Pearce and Gregory A. Randazzo, of counsel and on the briefs).

Mc Glone Mc Glone & Belardinelli, attorneys for respondent Dawn Marie Mastin (Marianne J. Mc Glone, on the brief).

Strasser & Associates PC, attorneys for respondent Bartolomeo Milazzo (David Edwin Mayland, on the brief).

Richard S. Mazawey, attorney for respondents 74-76 & 78-80 Carmer Associates, LLC, Josephine Russo, and Thomas Milazzo.

PER CURIAM

Third-party defendant Salvatore Milazzo ("Salvatore")[1] appeals the trial court's May 31, 2018 order granting summary judgment in favor of plaintiff, Dawn Mastin, and third-party plaintiff, Bartolomeo Milazzo ("Bartolomeo").

_____

[1] Because some of the parties share the same last name, to avoid confusion we refer to the Milazzo parties by their first names. We intend no disrespect.

That order appointed a receiver to manage a family-owned LLC and its rental properties, collect and distribute rental income, and prepare the properties for sale, and denied Salvatore's cross-motion requesting the establishment of a constructive trust, to preserve his interest in income generated by the properties, based on an alleged oral agreement. We affirm, substantially for the sound reasons set forth in Judge Edward A. Jerejian's written opinion, which was appended to the order. We add only the following comments.

This case concerns the ownership interests in and management of an LLC, 74-76 & 78-80 Carmer Ave Associates, LLC ("the LLC"), and its assets, two connected rental properties located at the Carmer Avenue address ("the subject properties"). The following facts are undisputed. In 1996, third-party defendant Salvatore, along with his wife Vita and his three children, Thomas, Bartolomeo, and Josephine Russo, purchased the subject properties. All parties contributed financially to the purchase. In 2008, Salvatore and Vita voluntarily transferred their interest to the LLC and the properties to their three children, with each child taking a one-third interest. That transfer was memorialized in a recorded deed. Josephine Russo is the managing member of the LLC. The trial judge found that since the transfer, by his own admission, Salvatore has had no ownership or management interest in the LLC or the properties.

A-5196-17T1

In 2015, Thomas' one-third interest in the LLC was conveyed by court order to the mother of his children, plaintiff Dawn Mastin, to satisfy his outstanding child support obligations. Thomas did not appeal that order. Despite the 2015 court order, the LLC never distributed to plaintiff any of the LLC's income. Instead, Josephine Russo wrongfully made distributions to Thomas Milazzo, who no longer held any ownership interest in the properties. In addition, Russo and Salvatore diverted the LLC's income to themselves and third parties without plaintiff's knowledge or consent.

Consequently, plaintiff filed this action seeking a partition by sale. Bartolomeo joined in plaintiff's action, and, in addition, he sought the appointment of a receiver. Plaintiff filed a motion for summary judgment based on her undisputed one-third ownership of the property, and Bartolomeo sought summary judgment based on Russo's mismanagement of the LLC. Salvatore cross-moved for the imposition of a constructive trust, arguing for the first time, and on the eve of trial, that at the time of the 2008 conveyance, "[i]t was understood and agreed by all parties that this transfer was solely for the purpose of allowing for the more effective and efficient management of Salvatore's Estate upon his death and that the Properties would not be sold or encumbered while Salvatore and his wife were still alive." Further, Salvatore asserted that

4

"[i]t was further agreed upon and understood by all parties at that time that Salvatore alone would continue to maintain and operate the Properties and that he would continue to receive the benefit of the majority of any income generated by the Properties . . . ."

By order and opinion dated May 31, 2018, Judge Jerejian granted plaintiff's and Bartolomeo's motions for summary judgment and denied Salvatore's cross-motion seeking the imposition of a constructive trust. This appeal ensued.

On appeal, Salvatore argues that the trial court erred in denying his application for a constructive trust because genuine issues of material fact existed for trial concerning the parties' course of conduct over the past two decades, which he claims has a tendency to support his assertions that the parties all agreed not to encumber or sell the property during his lifetime and that he was entitled to a majority of the income generated by the LLC until his death. In addition, Salvatore challenges the judge's authority to appoint a receiver.

We review a grant of summary judgment de novo. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

> [W]hen deciding a motion for summary judgment under
> Rule 4:46–2, the determination whether there exists a

5

genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.

[Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).]

"[S]ummary judgment will be granted if there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Conley, 228 N.J. at 346 (citing Templo Fuente, 224 N.J. at 199). In reviewing a grant of summary judgment, appellate courts consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Brill, 142 N.J. at 536 (quoting Anderson v. Liberty Lobby Inc., 477 U.S. 242, 251-52 (1986)). If there is no issue of fact, appellate courts give no special deference to the trial court's rulings on matters of law. Templo Fuente, 224 N.J. at 199.

In this case, we find no error in Judge Jerejian's rejection of Salvatore's application for a constructive trust. The establishment of a constructive trust is required where a party has taken an unconscionable advantage over another by its acquisition or retention of the property. Borough of W. Caldwell v. Borough

6

of Caldwell, 26 N.J. 9, 29 (1958).  Before a party may claim a right to recovery, however, there must be clear proof of some wrongful act, such as fraud, mistake, undue influence or breach of a confidential relationship.  Kronisch v. Howard Sav. Inst., 161 N.J. Super. 592, 606 (App. Div. 1978).  The burden of proof to establish entitlement to a constructive trust is clear and convincing evidence.  Dessel v. Dessel, 122 N.J. Super. 119, 121 (App. Div. 1972).

In this case, Judge Jerejian correctly found that Salvatore failed to present any evidence, let alone clear and convincing evidence, of his entitlement to a constructive trust.  In that regard, as the judge found, Salvatore had previously certified as to his lack of any ownership or management responsibility in this very litigation.  On November 7, 2017, Salvatore filed a certification as a third-party defendant that states at paragraph two that "I have no interest whatsoever in 74-76 & 78-80 Carmer Ave, Associates, LLC."  In the same certification, he states at paragraph three that "[the LLC] is owned exclusively by my three children, Josephine Russo, Bartolomeo Milazzo and Thomas Milazzo, each having one-third (1/3) interest."  Finally, at paragraph four, Salvatore certifies that "I do not have control over the business records of 74-76 & 78-80 Carmer Ave, Associates, LLC."  In another certification to the court dated April 5, 2018,

Salvatore repeated his attestations that the LLC was owned exclusively by his three children and that "I have no legal ownership in [the LLC]."

As the trial court found, these statements under oath are fundamentally inconsistent with Salvatore's assertion on the eve of trial that he alone maintains and operates the properties and that he is entitled to divert the LLC's income to himself. Accordingly, we find that Judge Jerejian appropriately precluded this last-minute sea change in Salvatore's position. See McCurrie v. Town of Kearny, 174 N.J. 523, 533 (2002) (concluding that "judicial estoppel . . . precludes a party from taking a position contrary to the position he has already successfully espoused in the same or prior litigation"). From this conclusion, it inevitably follows that Salvatore, in conveying ownership to his three children in 2008, did not reserve any beneficial interest to himself. Cf. Moses v. Moses 140 N.J. Eq. 575, 580-81 (E. & A. 1947). As the judge aptly noted, the fact that Salvatore wrote numerous checks to himself and third parties for his own benefit constituted wrongful acts, not grounds for establishing a constructive trust in his favor to remedy an unjust enrichment. See Kronisch, 161 N.J. Super. at 606 ("[I]t is well settled that the theory of unjust enrichment or the collateral principle of constructive trust is predicated upon a finding that one party has taken unconscionable advantage over another.").

A-5196-17T1

We also discern no abuse of discretion in the judge's appointment of a receiver. Although the appointment of a receiver is a "drastic action" that should be avoided if some less draconian measure would suffice, Roach v. Margulies, 42 N.J. Super. 243, 245 (App. Div. 1956), in this case, Judge Jerejian's finding that the appointment was necessary is well supported by the record. In that regard, there is ample evidence (including Salvatore's admissions) that Josephine Russo and Salvatore Milazzo mismanaged and misappropriated the LLC's assets over the past two decades. The pair flouted the court order conveying Thomas Milazzo's one-third interest in the LLC to plaintiff (for the benefit of his own children) by failing to make a single distribution to plaintiff, while wrongfully distributing LLC profits to Thomas. They also diverted at least $70,000 to Salvatore for his personal use. This gross mismanagement and abuse of the trust of the other members more than justified the judge's appointment of the receiver.

To the extent we have not addressed any of Salvatore's remaining arguments, we find them to be without sufficient merit to address in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5196-17T1