**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3681-17T3

CITY OF UNION CITY,

    Plaintiff-Respondent,

v.

ZAKY TADROS,

    Defendant-Appellant.

_____

Submitted February 13, 2020 – Decided June 9, 2020

Before Judges Nugent, Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. C-000099-16.

Tomas Espinosa, attorney for appellant.

Chasan Lamparello Mallon & Cappuzzo, PC, attorneys for respondent (Philip W. Lamparello and Ashley Lynn Matias, on the brief).

Piro Zinna Cifelli Paris & Genitempo, LLC, attorneys for intervenor Carrado Belgiovine (David M. Paris, on the brief).

PER CURIAM

The Multifamily Housing Preservation and Receivership Act (Act), N.J.S.A. 2A:42-114 to -142, authorizes a court to appoint a receiver "to take charge and manage" certain defined multifamily residential buildings if: "[t]he building is in violation of any State or municipal code to such an extent as to endanger the health and safety of the tenants . . . and the violation or violations have persisted, unabated, for at least [ninety] days preceding the date of the filing of the complaint[,]" N.J.S.A. 2A:42-117(a); or "[t]he building is the site of a clear and convincing pattern of recurring code violations, . . . ." N.J.S.A. 2A:42-117(b). A Chancery Division judge, acting on the complaint the City of Union City filed under the Act, appointed a receiver for the multi-unit apartment building defendant owned and operated in the City, denied defendant certain interim relief, and ultimately approved the receiver's final plan and awarded plaintiff counsel fees and costs. Defendant appeals.

We generally review an order appointing a receiver under an abuse-of-discretion standard. See N.J. Realty Concepts, LLC v. Mavroudis, 435 N.J. Super. 118, 123 (App. Div. 2014); see also Ravin, Sarasohn, Cook, Baumgarten, Fisch & Rosen, P.C. v. Lowenstein Sandler, P.C., 365 N.J. Super. 241, 249 (App. Div. 2003); Roach v. Margulies, 42 N.J. Super. 243, 246 (App. Div. 1956). We

2

review de novo "[a] trial court's interpretation of the law and the legal consequences that flow from established facts[.]" <u>Manalapan Realty, L.P. v. Twp. Comm.</u>, 140 N.J. 366, 378 (1995). Having considered defendant's arguments in light of the record and our standard of review, we affirm, substantially for the reasons expressed by Judge Sarkisian in his comprehensive oral and written opinions. We add the following comments.

The trial court record discloses that the Union City Construction Official confirmed there were no outstanding violations when defendant purchased the property in 1999 or 2000.[1] In May 2012, in response to a tenant complaint, personnel from the Union City Building Department discovered the building had heavy water damage throughout and multiple code violations, including a collapsing east wall and a laundry room filled with garbage. Significantly, investigation disclosed the building had five non-conforming units that had no certificates of occupancy and were unassessed by the City's tax office. The parties became embroiled in an ongoing dispute over the legality of these five units.

---

[1] There is a discrepancy in the record concerning the actual closing date and whether it occurred in December 1999 or December 2000.

In 2014, following a fire at the building, the Union City Fire Official inspected the building and determined it had numerous violations of the Uniform Fire Code, N.J.A.C. 5:70-1.1 to -4.20, including the absence of an automatic fire suppression system, inadequate means of egress from the basement units, an unsafe fire escape, and malfunctioning smoke and carbon monoxide detectors. The parties' dispute continued.

In June 2016, defendant and the City entered into a settlement agreement. The agreement required the City to accept that ten rental units were permitted in the building, but the agreement also required inspections to ensure the units were in compliance with the building and fire codes. Following the settlement agreement, the City Code Enforcement Officer conducted frequent inspections and re-inspections during the next one and one-half years. The inspections revealed defendant did little, if anything, to correct the violations. The last of thirteen citations to defendant before the City filed its complaint was issued on June 15, 2016.

Meanwhile, approximately one week earlier, on June 6, 2016, a tenant reported that part of her bathroom ceiling had collapsed on her, causing her injuries that required hospitalization. The Fire Department confirmed the collapse had been caused by a leaking pipe, of which defendant had notice.

A-3681-17T3

The City filed its verified complaint on June 29, 2016, seeking as alternative relief the appointment of a receiver. The court granted the City's application, appointed a receiver, enjoined defendant from collecting rents, and ordered defendant to turn over all keys to the receiver.

In October 2016, defendant filed an order to show cause to terminate the receivership. The court entered an order, stayed implementation of the receivership plan, and afforded defendant another opportunity to abate the code violations at the property. Thereafter, the parties entered into another agreement and consent order in December 2016. The agreement and order required defendant to produce a step-by-step plan, with deadlines, to remediate the property. When defendant failed to comply with the agreement and consent order, the City moved to implement the previous receivership order. The court granted this relief in February 2017.

Thereafter, the receiver and defendant were unable to resolve the scope of the remediation plan, so the City filed a motion to have the court approve the receiver's plan. The court ultimately entered an order in March 2018 approving the receiver's final plan, authorizing the receiver to take all steps necessary to implement the plan, including the incurring of indebtedness secured by the property, and granted the City's fee application in the amount of $42,031.79.

The record developed in the trial court amply supports Judge Sarkisian's decisions and the orders he entered, which in turn are amply explained by Judge Sarkisian's comprehensive opinions. The judge did not abuse his discretion by appointing the receiver, denying defendant's applications, approving the receiver's plan, or awarding counsel fees and costs. Defendant's arguments to the contrary are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3681-17T3