NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0850-23
                         A-0889-23

PARKE BANK,

      Plaintiff-Respondent,

v.

VOORHEES DINER
CORPORATION, MARK KLEIN
and NICK DELLAPORTAS,

      Defendants,

and

MORI RESTAURANT, LLC,

      Appellant.
_____

PARKE BANK,

      Plaintiff-Respondent,

v.

VOORHEES DINER
CORPORATION, MARK KLEIN
and NICK DELLAPORTAS,

      Defendants,

and

> **APPROVED FOR PUBLICATION**
>
> **October 31, 2024**
>
> **APPELLATE DIVISION**

LUCILLE LOPEZ and
ROBERT P. LOPEZ, JR.,

     Appellants.

_____

          Argued October 1, 2024 – Decided October 31, 2024

          Before Judges Sumners,[1] Perez Friscia and Bergman.

          On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0715-20.

          Howard N. Sobel argued the cause for appellant Mori Restaurant LLC (Law Offices of Howard N. Sobel, PA, attorneys; Howard N. Sobel and Margaret D. Nikolis, on the briefs).

          Alan A. Reuter argued the cause for appellants in A-0889-23 and respondents in A-0850-23 Lucille Lopez and Robert P. Lopez, Jr. (Nash Law Firm, LLC, attorneys; Alan A. Reuter, on the brief).

          Kevin W. Burdett (Braverman Kaskey Garber, PC) argued the cause for respondent Parke Bank (David L. Braverman (Braverman Kaskey Garber, PC) and Kevin W. Burdett, attorneys; David L. Braverman and Kevin W. Burdett, on the briefs).

          John L. Slimm argued the cause for respondent Alan I. Gould, Statutory Receiver (Marshall Dennehey, PC, attorneys; John L. Slimm, on the briefs).

    The opinion of the court was delivered by

_____

[1] Judge Sumners did not participate in oral argument but joins the decision with counsel's consent. R. 2:13-2(b).

PEREZ FRISCIA, J.A.D.

In these back-to-back appeals consolidated for the purpose of issuing a single opinion, we address the statutory receiver requirements for discharge under the New Jersey Business Corporations Act (BCA), N.J.S.A. 14A:14-1 to -27, and New Jersey Court Rules 4:53-1 to -9. Appellants Mori Restaurant, LLC (Mori), and Lucille Lopez and Robert P. Lopez, Jr. (the Lopezes), appeal from a November 17, 2023 Law Division order denying reconsideration of an October 6, 2023 order, which discharged Alan I. Gould, Esq. as the court-appointed statutory receiver. The Lopezes also appeal the Law Division's denial of their motion to reconsider the order rejecting their right to intervene.

Following our review of the record and applicable law, we conclude the Law Division improvidently granted Gould's discharge as the statutory receiver and reverse and remand for further proceedings consistent with this opinion. In the unpublished section of this opinion, we affirm the Law Division's denial of the Lopezes' intervention. Therefore, we affirm in part, reverse in part, and remand for further proceedings.

I.

On May 20, 2014, Mori Properties, LLC, entered a twenty-year commercial lease with defendant Voorhees Diner Corporation (VDC) and co-defendant Mark Klein for property in Voorhees. VDC leased the property to

operate a diner. Plaintiff Parke Bank granted VDC a construction loan for $1,000,000. Klein and co-defendant Nick Dellaportas, both principals of VDC, personally guaranteed the loan. In addition to the note, Parke obtained a security interest in the improvements and a leasehold mortgage. In November, Mori Properties conveyed its property interest to Mori. On March 16, 2015, Parke modified the note to include an additional loan of $400,000 to VDC, which Klein and Dellaportas again guaranteed. The leasehold mortgage memorialized the increased total loan of $1,400,000. VDC's New Jersey corporation registration status was allegedly suspended in 2017. In 2019, VDC defaulted on loan payments to Parke.

On February 20, 2020, Parke filed a complaint against VDC, Klein, and Dellaportas alleging a breach of the commercial note. Six days later, Parke moved for a court-appointed statutory receiver, which the Law Division granted in part staying the designation of a receiver until the "COVID-19 [restaurant] closures" were lifted. Parke had represented its leasehold mortgage was in jeopardy because VDC was at risk of eviction. Contemporaneously, Mori had filed a landlord-tenant action seeking a writ of possession against VDC, which the Law Division stayed due to the COVID-19 pandemic. Mori and VDC thereafter settled their landlord-tenant proceeding.

A-0850-23

In July, Parke obtained a final judgment against VDC, Klein, and Dellaportas in the amount of $1,282,580.66. On September 24, 2021, the Law Division granted Parke's unopposed motion to appoint Gould as a statutory receiver to "take all necessary steps to take control over the business, liquor license, and personal assets of [VDC], Klein, and Dellaportas." The Law Division's order did not address Gould's posting of a bond pursuant to N.J.S.A. 14A:14-2(4). Beginning in October, Gould operated the diner without posting a bond.

In September 2020, Parke had filed a foreclosure complaint in the Chancery Division on the leasehold mortgage. Parke's foreclosure complaint included the recorded judgment creditors. After defendants defaulted, final judgment was entered. On November 4, 2021, the Chancery Division appointed Gould as a special adjudicator[2] to sell the leasehold and other property improvements in the foreclosure action. On January 18, 2022, after an advertised sale, Gould sold the leasehold to the only bidder, 320 Route 73, LLC (Route 73), a subsidiary of Parke, for $100 plus costs. In February, Mori

---

[2] The Chancery Division order used the term special master. We however use the term special adjudicator in accordance with the recent adoption of Rule 1:21-5, which provides "[t]he terminology of 'special master' . . . shall be replaced with 'special adjudicator.'"

filed a landlord-tenant eviction action against Gould and Route 73 in the Special Civil Part, which Mori amended in March.

On March 30, Mori moved to intervene in the Law Division action seeking to file claims for back rent and an accounting against Gould.[3] On April 29, the Law Division denied intervention as the court had appointed Gould after final judgment by default was entered. The Law Division directed Mori to file a separate complaint. Further, the Law Division found the motion was procedurally defective because Mori failed to comply with Rule 4:33-3,[4] as a proposed complaint was not provided. On May 19, Mori moved for reconsideration, which it later withdrew.

In May, the Chancery Division granted Gould's motion to confirm the foreclosure sale to Route 73 and denied Mori's cross-motion to intervene reasoning "if there [is] an issue about rent[]" a separate action may be filed. Gould had continued to operate the diner but allegedly failed to pay Mori rent.

---

[3] Mori has not appealed the Law Division's April 29, 2022 order denying intervention.

[4] Rule 4:33-3 provides "A person desiring to intervene shall file and serve on all parties a motion to intervene stating the grounds therefor and accompanied by a pleading setting forth the claim or defense for which intervention is sought along with a Case Information Statement pursuant to R[ule] 4:5-1(b)(1)."

A-0850-23

The Chancery Division found Mori "waited far too long" to contest the foreclosure proceeding.

In August 2021, counsel for the Lopezes sent a preservation of rights letter to VDC and Mori advising of Lucille's[5] July 23 slip and fall accident on VDC's parking lot. Almost two years later, the Lopezes filed a personal injury complaint alleging the fall occurred on the parking lot owned by Mori. Mori's lease with VDC provided Mori would maintain "the parking [l]ot, which is part of the common areas."

On June 28, 2023, Gould moved in the Law Division post-judgment action to be discharged as the receiver, which Mori and the Lopezes opposed. The Lopezes cross-moved to intervene and bar Gould's discharge. On October 6, the Law Division granted Gould's motion to be discharged stating he "ha[d] completed his obligations" and denied the Lopezes' cross-motion. On November 17, the Law Division denied the Lopezes' and Mori's motions to reconsider Gould's discharge as well as the Lopezes' request to reconsider the denial of their intervention.

---

[5] Because Lucille Lopez and Robert P. Lopez, Jr., share the same surname, intending no disrespect, we use their first names in this opinion when mentioning them individually.

A-0850-23

Parke and Route 73 had also filed a separate Law Division complaint regarding the diner's ownership. In October, Mori filed an amended counterclaim and third-party complaint alleging negligence and other claims against Gould.

On appeal, Mori contends the Law Division erred by discharging Gould as the statutory receiver because he failed to comply with the governing receivership statutes and court rules. The Lopezes similarly argue the Law Division erroneously discharged Gould despite noncompliance with the receivership statutes and court rules and wrongly denied their intervention.

II.

We review a court's order to appoint or discharge a receiver for an abuse of discretion. See N.J. Realty Concepts, LLC v. Mavroudis, 435 N.J. Super. 118, 123 (App. Div. 2014). A court abuses its discretion "when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Mims v. City of Gloucester, 479 N.J. Super. 1, 5 (App. Div. 2024) (quoting Kornbleuth v. Westover, 241 N.J. 289, 302 (2020)). However, the trial court's "'interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.'" Comprehensive Neurosurgical, P.C. v. Valley Hosp., 257 N.J. 33, 80 (2024) (quoting Rowe v. Bell & Gossett Co., 239 N.J. 531, 552

(2019)).  An appellate court also reviews an order denying reconsideration for abuse of discretion.  AC Ocean Walk, LLC v. Blue Ocean Waters, LLC, 478 N.J. Super. 515, 523 (App. Div. 2024).

The Superior Court's jurisdiction to appoint a statutory receiver is codified in N.J.S.A. 14A:14-2 of the BCA.  "The reason for the appointment of a statutory receiver is to liquidate [a] corporation; such an appointment may survive the termination of the lawsuit, and continues for whatever time it may take to wind down the affairs of the corporation."  Kaufman v. Duncan Invs., L.P., 368 N.J. Super. 501, 506 (App. Div. 2004).  Pursuant to N.J.S.A. 14A:14-2(1)(a), a custodial receiver may be appointed "in the Superior Court by . . . a creditor whose claim is for a sum certain or for a sum which can by computation be made certain."  N.J.S.A. 14A:14-1(b) defines a creditor as "the holder of any claim, of whatever character, against a corporation, whether secured or unsecured, matured or unmatured, liquidated or unliquidated, absolute or contingent."

Grounds for the appointment of a statutory receiver are:  "(a) the corporation is insolvent"; "(b) the corporation has suspended its ordinary business for lack of funds"; or "(c) the business of the corporation is being conducted at a great loss and greatly prejudicial to the interests of its creditors or shareholders."  N.J.S.A. 14A:14-2(2).  "[T]he mere appointment of a

receiver operates to place property in custodia legis and automatically prohibits its sale in the absence of approval of the court." Mavroudis, 435 N.J. Super. at 124 (quoting Wilzig v. Sisselman, 209 N.J. Super. 25, 32 (App. Div. 1986)) (internal quotation marks omitted). N.J.S.A. 14A:14-1(g) defines property as "real property, tangible and intangible personal property, and rights, claims and franchises of every nature."

Rule 4:53-1 provides for the appointment of a statutory receiver under "the general equity power of the court," stating:

> No statutory receiver shall be appointed for a corporation without giving it notice and an opportunity to be heard; and an order appointing a statutory receiver for a corporation shall give the stockholders and creditors of the corporation leave, at a specified time and place, to show cause why the receiver should not be continued. An action in which a receiver of a corporation has been appointed, or applied for shall not be dismissed except by order of the court.

Pursuant to Rule 4:53-3 a receiver "may employ an attorney or accountant only if the court determines [after an application] that such employment is necessary." "No order authorizing such employment shall be entered until after a hearing . . . except that where necessary to prevent immediate and irreparable damage such employment may be authorized by the court until an application . . . can be made." Ibid. The receiver must also file an inventory

and periodic accountings, which must be audited and approved by the court. R. 4:53-7(a) to (d).

"Our courts have consistently held that receivership costs have priority over the claims of a secured creditor." Hyland v. Anchor Fin. Co., 146 N.J. Super. 102, 107 (App. Div. 1977). "[R]eceivership costs have been assessed against funds held in trust by an insolvent corporation." Id. at 108. A court may appoint a receiver "only for the short period of time required to protect assets pending a final resolution of litigation or a dissolution of the business enterprise." Mavroudis, 435 N.J Super. at 125 (quoting Kassover v. Kassover, 312 N.J. Super. 96, 100 (App. Div. 1998)).

## A.

We begin the published portion of our analysis by addressing Mori's and the Lopezes' contentions that the Law Division erroneously discharged Gould as the statutory receiver despite his failure to comply with the governing receivership statutes and court rules. Specifically, they posit under the receivership statutes Gould failed to: provide creditors notice in writing and by publication, N.J.S.A. 14A:14-15; pay rent as a receivership cost, N.J.S.A. 14A:14-21; execute and file a bond, N.J.S.A. 14A:14-2(4); terminate the receivership upon learning the diner was unprofitable, N.J.S.A. 14A:14-19; and receive court approval for professional costs, N.J.S.A. 14A:14-20.

Further, they argue Gould failed to abide by the court rules governing receiverships, which require: court approval prior to employing professionals, Rule 4:53-3; submission of an inventory and accounting, Rule 4:53-7(a); a Superior Court deputy clerk audit review, Rule 4:53-7(b); and court approval of a final accounting, Rule 4:53-7 (c) to (d).

It is undisputed Gould's statutory receiver appointment occurred in the Law Division commercial loan action after Parke received a final judgment for a sum certain. Neither Mori nor the Lopezes were parties to the lawsuit. Mori's objections to Gould's discharge stems from its claims as a creditor seeking unpaid rent by VDC and Route 73. See N.J.S.A. 14A:14-1(b). We note Mori had filed a separate lawsuit against Gould, which the parties indicate remained pending against Gould. It is clear Mori had standing as a creditor to object to Gould's discharge. Gould owed Mori, VDC's landlord, rental arrears that accrued under the commercial lease after the Law Division appointed Gould as the statutory receiver. The Lopezes' discharge objections are based on their personal injury claims against VDC. Pursuant to N.J.S.A. 14A:14-1(b), the Lopezes also established their status as creditors because they hold a "claim" against VDC.

In finding Gould's discharge appropriate, the Law Division reasoned Parke's litigation was post-judgment, VDC was insolvent, Mori was not

12

foreclosed from pursuing fiduciary negligence claims against Gould in its separate action,[6] and the Lopezes' personal injury claims did not preclude discharge. Further, the Law Division concluded barring Gould's discharge for noncompliance with the receivership statutes and court rules was unwarranted because "[f]ormalities to follow the statute would have to be paid by someone."

While not every deficiency under the receivership statutes and court rules precludes discharge, the Law Division's discharge of Gould was inappropriate because he failed to comply with the mandatory receivership obligations. Gould was required to provide notice to creditors. N.J.S.A. 14A:14-15 (providing "the receiver shall, within 30 days following the date of his appointment, give notice requiring all creditors to present their claims in writing"). Rule 4:53-7(a) required Gould to provide an inventory and accounting for the benefit of creditors, which was not obviated simply because VDC was allegedly insolvent, and Route 73 later obtained the leasehold. Without a full inventory and accounting, the Law Division could not discern what funds were available to pay expenses and costs. N.J.S.A. 14A:14-21.

---

[6] We note the Law Division's oral decision provided "a claim against . . . Gould" could proceed in a separate Law Division action. Rule 4:30 provides "[a]ny claim against a party may be reserved or severed and proceeded with separately by court order."

Additionally, Gould was required to receive authorization from the Law Division to retain an accountant. R. 4:53-3. The failure to provide an inventory and accounting foreclosed an assessment of whether VDC's insolvency required Gould to terminate the receivership earlier. N.J.S.A. 14A:14-19 ("A receivership action against a corporation may be discontinued at any time when it is established that cause for the action no longer exists.").

Thus, we are constrained to part ways with the Law Division's order granting Gould's discharge, as the BCA and court rules, at a minimum, required notice to creditors, an inventory, and a final accounting. This is especially true based on Mori's allegations of Gould's receivership errors. Gould's argument that reversal is unwarranted because he performed his receivership duties, as demonstrated by the fact that "three judges . . . found no wrongdoing," is unsupported by the record. No court specifically addressed the merits of his receivership deficiencies.

Regarding the necessary accounting, Gould's filing of limited financial "paperwork" and Parke's submission of profit and loss statements did not satisfy the statutory and court rule requirements. Further, Gould's contention that VDC's limited funding was sufficient cause to retroactively waive his receiver requirements is unsupported. The nature of a statutory receiver's appointment contemplates the possibility of limited available corporate funds

and insolvency. The required inventory and accounting memorialize the financial realities, assets and debts, and provide the court an opportunity to review the receiver's payments to creditors. See N.J.S.A. 14A:14-5. The Law Division provided scant findings regarding the financial submissions, made no statement approving an accounting, and did not address Gould's exercise of powers as a receiver. R. 4:53-7(d). As we recently reiterated in Lakhani v. Patel, 479 N.J. Super. 291, 297-98 (App. Div. 2024), appellate review is impeded when a trial court fails to "state its factual findings and conclusions of law on the record as required by Rule 1:7-4(a)." See R. 1:7-4(a) (requiring trial courts to make sufficient "find[ings] [of] . . . fact[s] and state [their] conclusions of law"). "The trial court must state clearly its factual findings and correlate them with the relevant legal conclusions." Curtis v. Finneran, 83 N.J. 563, 570 (1980).

Undisputedly, Parke successfully attained Gould's appointment and primarily benefitted from his services, along with its subsidiary Route 73. Parke paid Gould $300 an hour as he continued in his role as the statutory receiver on behalf of Route 73, Parke's subsidiary, for approximately fifteen months after the Chancery Division confirmed the foreclosure sale. It is unclear why Gould did not procure an inventory and accounting, including the diner's operating profits and expenses and a full delineation of assets. Further,

Gould "remain[ed] under . . . [Parke's] employ to continue to operate the diner" well after the sale, but he provided no explanation why he did not file a motion for discharge contemporaneous to Route 73's assumption of the leasehold. Upon realizing VDC was not profitable, neither Parke nor Gould moved for the Law Division to address the lack of compliance with the receivership statutes and court rules. Gould continued to operate the diner for Route 73's benefit, yet Gould did not pay Mori all the rent owed during the receivership.

Our court has determined that in "limited . . . situation[s] where the assets of the dissolving corporation are insufficient to pay the receiver's fees and costs" there may be circumstances warranting a party to incur the liability for such payments. Catsouphes v. Atex Assocs., Inc., 287 N.J. Super. 459, 465 (App. Div. 1996); see also Foster v. Bay Front Land Co., 109 N.J. Eq. 569, 576-79 (E. & A. 1931) (holding if there are insufficient funds to afford the receiver's fees and costs then payment "may be directed to be paid by the parties at whose suit the appointment was made"). Further, we have recognized a creditor deriving a benefit from a receivership may be responsible to "pay its equitable share of [the receivership] expenses." Hyland, 146 N.J. Super. at 110. The court is "clothed with ample power to compel the [creditor on whose application the appointment was made] to pay the expenses incident to the receivership." Id. at 109 (quoting Seidler v.

16

Branford Rest., 97 N.J. Eq. 531, 535 (1925)).  We conclude, based on the record here, the Law Division had the authority to consider ordering Parke to incur the cost of providing notice, an inventory, and an accounting if VDC lacked funds because Parke was the responsible party for requesting the receiver and primary beneficiary.

While we conclude the Law Division abused its discretion in granting Gould's discharge, we discern the Law Division did not abuse its discretion in determining his failure to post a bond was insufficient to preclude discharge. We note the Law Division's order appointing Gould did not require a bond although mandated under the BCA.  N.J.S.A. 14A:14-2(4) ("Every receiver shall, before assuming his duties, execute and file a bond . . . with such sureties and in such form as the court shall approve.").  But as observed by the Law Division, the receivership occurred during the COVID-19 pandemic. Further, a review of the record does not demonstrate Gould's ability to retroactively obtain a bond.  While N.J.S.A. 14A:14-2(4) requires a bond, we recognize there may be very limited circumstances where a bond may not be obtainable, or the Law Division has cause to waive the statutory receiver's mandate to file a bond.  Therefore, on remand we leave to the Law Division's sound discretion to revisit Gould's filing of a bond at this late stage while completing his receiver responsibilities; however, if obtaining a bond is not

17

possible, Gould's discharge after the completion of his duties should not be withheld. Thus, on remand, Gould's reinstatement is limited to fulfilling his duties as the statutory receiver consistent with this opinion.

We further note Mori did not appeal the Chancery Division's May 2022 order confirming the foreclosure sale. Once the Chancery Division confirmed the leasehold sale, it foreclosed the rights of unrecorded creditors against the leasehold. Generally, in a mortgage foreclosure action, pursuant to N.J.S.A. 2A:50-30, parties "claiming an interest in or an encumbrance or lien upon such property . . . [that] could be recorded, registered, entered or filed in any public office in this state, and which shall not be so recorded . . . at the time of the filing of the complaint" are "bound by the proceedings." The "transfer of a sheriff's deed . . . cut[s] off both . . . [the] right of redemption and [a movant's] unrecorded interest." Woodmont Props., LLC v. Township of Westampton, 470 N.J. Super. 534, 544 (App. Div. 2022). Here, Gould's necessity to complete the mandated inventory and accounting were not obviated. Further, any creditors' interests lawfully arising against Route 73 after it purchased the leasehold, and while Gould operated the diner, were not extinguished.

The Law Division's order granting Gould's discharge is reversed and the matter is remanded for further proceedings consistent with this opinion.

18                                                    A-0850-23

Having addressed Gould's statutory receiver discharge, we now turn to the Lopezes' argument that reversal of the Law Division's order denying intervention is warranted. The Lopezes contend the Law Division erroneously "den[ied] the[ir] motion to intervene despite . . . statutory violations." We are unpersuaded.

The Lopezes maintain "an August 2, 2021 preservation letter" sent to VDC and Mori provided sufficient notice of their negligence claims. Undisputedly, the Lopezes did not send Gould the letter, as the Law Division did not appoint him as the statutory receiver until September. The Lopezes correctly argue their status as creditors was established under N.J.S.A. 14A:14-1(b), which defines "creditor" as "the holder of any claims, of whatever character against a corporation, whether secured or unsecured." While their personal injury claims sufficiently support their creditors' status, that alone does not serve as cause to intervene. We note, absent from their merits brief is any citation to authority supporting intervention.

"Our [r]ules of [c]ourt govern intervention at trial, and the trial court's interpretation of those rules is subject to our de novo review." N.J. Dep't of Env't Prot. v. Exxon Mobil Corp., 453 N.J. Super. 272, 285 (App. Div. 2018) (citing Washington Commons, L.L.C. v. City of Jersey City, 416 N.J. Super.

555, 560 (App. Div. 2010)).  "We look first to the plain language of the rules and give the words their ordinary meaning."  Robertelli v. N.J. Off. of Att'y Ethics, 224 N.J. 470, 484 (2016) (citing Bridgewater-Raritan Educ. Ass'n v. Bd. of Educ. of Bridgewater-Raritan Sch. Dist., Somerset Cnty., 221 N.J. 349, 361 (2015)).

Rule 4:33-1 establishes four criteria for a movant to satisfy in seeking to intervene as of right in an action:

> (1) claim "an interest relating to the property or transaction which is the subject of the transaction," (2) show [the movant] is "so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest," (3) demonstrate that the "[movant's] interest" is not "adequately represented by existing parties," and (4) make a "timely" application to intervene.
>
> [Am. Civ. Liberty Union of N.J., Inc. v. County of Hudson, 352 N.J. Super. 44, 67 (App. Div. 2002) (alterations in original) (quoting Meehan v. K.D. Partners, L.P., 317 N.J. Super. 563, 568 (App. Div. 1998)).]

"As the rule is not discretionary, a court must approve an application for intervention as of right if the four criteria are satisfied."  Exxon Mobil Corp., 453 N.J. Super. at 286 (quoting Meehan, 317 N.J. Super. at 568) (internal quotation marks omitted).

Alternatively, under Rule 4:33-2, "[u]pon timely application[,] anyone may be permitted to intervene in an action if the claim or defense and the main

20

action have a question of law or fact in common." "In exercising its discretion[,] the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Ibid. Rule 4:33-2 is "the more liberal permissive intervention rule"; therefore, we must "review the court's determination of a permissive intervention motion under an abuse of discretion standard." Exxon Mobil Corp., 453 N.J. Super. at 286-87 (citing City of Asbury Park v. Asbury Park Towers, 388 N.J. Super. 1, 12 (App. Div. 2006)).

We discern no abuse of discretion by the Law Division's order denying intervention as of right, Rule 4:33-1, and permissive intervention, Rule 4:33-2. The Lopezes filed their cross-motion to intervene after Gould moved to be discharged in the post-judgment action. The Lopezes did not establish intervention as of right because they failed to show a sufficient interest related to the underlying action or that they had an established interest that would be impeded. They established no perfected claim against the leasehold and property improvements. The Lopezes were not foreclosed from pursuing their negligence claims in their July 2023 personal injury lawsuit. We discern no basis to disturb the Law Division order regarding intervention.

Turning to permissive intervention under Rule 4:33-2, the Lopezes have not sufficiently shown their claims "and the [underlying] action have a

question of law or fact in common." Additionally, "[o]n the issue of timeliness," the Law Division correctly "consider[ed] the purpose of the intervention motion in relation to the stage in the action when the motion was made." Chesterbrooke Ltd. P'ship v. Plan. Bd. of Twp. of Chester, 237 N.J. Super. 118, 125 (App. Div. 1998).

In J.L.B. Equities v. Dumont, 310 N.J. Super. 366, 374 (App. Div. 1998), we elucidated that:

> a claimant . . . who is aware . . . of . . . potential claims against a court-appointed receiver arising from the receiver's official duties, and is aware of such [receiver's discharge] proceeding, must move to intervene . . . , or alternatively must move to vacate the order of discharge within a reasonable time period in order to preserve its claims.

The "[f]ailure to do so bars [the litigant's] claim." Ibid. The plaintiff in J.L.B. was a secured creditor that initiated a negligence action against a receiver for breaching fiduciary duties. J.L.B., 310 N.J. Super. at 368. A "fiduciary is liable for harm resulting from a breach of the duties imposed by the existence of [the fiduciary] relationship." McKelvey v. Pierce, 173 N.J. 26, 57 (2002) (quoting F.G. v. MacDonell, 150 N.J. 550, 563-64 (1997)). In J.L.B., the court dismissed the complaint against the receiver because plaintiff had not moved to intervene during the pendency of the known Chancery Division lawsuit in which the receiver was appointed and discharged.

22

Again, the underlying litigation was post-judgment. Further, the Lopezes did not have a recorded interest pursuant to N.J.S.A. 2A:50-30 prior to Route 73's purchase of the leasehold and had a pending personal injury action. Therefore, we conclude the judge did not abuse his discretion in denying the Lopezes' intervention.

## III.

For the reasons stated in Part A, Gould's discharge is reversed, and the matter is remanded for proceedings consistent with this opinion. We affirm on the issue of the Lopezes' intervention. To the extent not addressed, appellants' remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2.11-3(e)(1)(E).

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION