915 A.2d 16

FINDERNE HEIGHTS CONDOMINIUM ASSOCIATION, INC., PLAINTIFF–APPELLANT, v. PAUL RABINOWITZ, NANCY RABINOWITZ AND ELLEN THOMAS, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 13, 2006—Decided January 23, 2007.

Before Judges STERN, A.A. RODRÍGUEZ and LYONS.

*Jonathan H. Katz,* argued the cause for appellant (*Stark & Stark,* attorneys; *David J. Byrne,* of counsel and on the brief; *Mr. Katz,* on the brief).

*Michael S. Karpoff,* argued the cause for respondents Paul and Nancy Rabinowitz (*Hill Wallack,* attorneys; *Mr. Karpoff,* on the brief).

*Norma Melendez,* argued the cause for respondent Ellen Thomas (*Legal Services of Northwest Jersey, Inc.,* attorneys; *Ms. Melendez,* on the brief).

The opinion of the court was delivered by

LYONS, J.S.C. (temporarily assigned).

Plaintiff, Finderne Heights Condominium Association (the "Association"), instituted an action seeking to enjoin defendants, Paul Rabinowitz, Nancy Rabinowitz and Ellen Thomas, from violating the Association's governing documents and compelling them to comply with the Condominium Act, *N.J.S.A.* 46:8B–1 to –38. Defendants moved to dismiss plaintiff's complaint arguing primarily that plaintiff had to first submit its claims to alternative dispute resolution ("ADR"). The trial court granted defendants' motion. Plaintiff now appeals, claiming it has no statutory duty to first submit its claims to ADR. Plaintiff also complains that the trial court erred in determining the Association was not entitled to

bring its claims under the Condominium Act and the Association's governing documents, by failing to grant plaintiff oral argument and by failing to issue the required findings of fact and conclusions of law. The procedural history is as follows.

On January 24, 2005, plaintiff filed its complaint against defendants. Plaintiff sought an injunction ordering and requiring that defendants comply with the Condominium Act and the Association's governing documents and enjoining defendant Thomas from occupying or using the property in such a manner as to violate the Association's rules.

On January 27, 2005, the court issued an order to show cause as to why the court "should not issue a preliminary injunction prohibiting the defendants from violating the governing documents, contacting board members, engaging in any acts of violence or further acts of harassment, defacement of property or trespassing." Although the trial court initially scheduled the return date for March 4, 2005, the court subsequently adjourned the date at defendant Thomas' request due to pending related matters in the Bridgewater Township Municipal Court involving Thomas.

On or about March 28, 2005, Rabinowitz filed a notice of motion, along with a supporting Brief, and the Certification of Nancy Rabinowitz, seeking to dismiss plaintiff's complaint on various grounds. By letter dated April 21, 2005, Thomas joined in the Rabinowitz motion, specifically, as to the point that plaintiff failed to comply with the statutory pre-litigation requirement to offer Thomas alternative dispute resolution prior to commencing the action. Plaintiff opposed this motion and filed a brief and the supplemental certifications of Lin Modrowsky and Neyd Bogantes.

On May 13, 2005, the trial court denied and dismissed plaintiff's order to show cause, ordering that:

Plaintiff's Order to Show Cause and issue a preliminary injunction is hereby DENIED and DISMISSED for failure to exhaust alternative remedies. Primary jurisdiction rests with the Municipal Court and Plaintiff should have approached this matter through the Municipality. Plaintiff failed to attend ADR, which is available through the Municipal Court, as well as by statute, before requesting relief from this Court.

By letter dated June 3, 2005, counsel for Rabinowitz requested the trial court clarify its order of May 13, 2005, namely that plaintiff's entire complaint was dismissed, not just plaintiff's order to show cause. On June 15, 2005, the trial court signed an order dismissing the complaint. On July 22, 2005, plaintiff filed a notice of appeal with this court appealing the trial court's orders of May 13, 2005 and June 15, 2005.

Based on the pleadings, the facts that give rise to this matter are as follows. Defendant, Thomas is the daughter of defendants, Paul and Nancy Rabinowitz. Thomas resides with her husband and two children in the condominium unit owned by her mother, Nancy Rabinowitz. The Association governs the condominium unit located in Bridgewater.

According to its verified complaint, the Association is a non-profit corporation established under the statutes of New Jersey and the Condominium Act, *N.J.S.A.* 46:8B–1 to –38. Under the Association's governing documents, the Association is responsible for the administration, management, and operation of the Finderne Heights condominium units.

Pursuant to the Association's Master Deed, Section XIII, and Article VIII, Section 7 of the Association's By-laws, the Association may seek injunctive relief to enforce the restrictions and covenants in its deed as well as the By-laws and rules and regulations of the Association which include prohibitions of nuisances.

In the complaint filed against defendants, the Association alleged that Thomas "has continually trespassed, harassed and disrupted neighbors ..." The acts alleged in the complaint began in July 2004, and included instances through December 13, 2004. The complaint asserted that as a result of Thomas' actions, the unit owners and members of the Association are concerned for their safety.

We must first determine the merits of defendants' claim that the matter is moot as the nuisance incidents charged in the

complaint "occurred up to two years ago." Defendants particularly submit that the latest incident occurred on December 13, 2004 and was resolved in the municipal court proceeding. For the following reasons, we disagree and find the matter ripe for review.

A case is moot when the issue which was the subject of the initial litigation has been resolved, at least as it relates to the original parties who were responsible for initiating the litigation. *De Vesa v. Dorsey*, 134 *N.J.* 420, 428, 634 *A.*2d 493 (1993). New Jersey courts will generally not entertain a case when the issue has become moot. *Id.* at 428, 634 *A.*2d 493. However, a court may "rule on such matters where they are of substantial importance and are capable of repetition, yet evade review." *Mistrick v. Div. of Med. Assist. & Health Servs.*, 154 *N.J.* 158, 165, 712 *A.*2d 188 (1998).

In this case, there has been no final determination on the issues raised in the plaintiff's complaint whether defendant Thomas has created a nuisance and whether an injunction is warranted. Moreover, we note that the issue at the heart of this matter, whether alternate dispute resolution must be resorted to before litigation in a condominium dispute, has arisen in a number of courts in this State, and at least three different Chancery courts have rendered unreported decisions, determining that alternate dispute resolution must be offered as a precondition to litigation. *See* Smith, Estis & Li, *N.J. Condo. & Cmty. Assoc. Law,* comment 20:4(b)(ii)(2006). We anticipate this issue to be one continually addressed to the trial courts for, as noted in *Comm. for a Better Twin Rivers v. Twin Rivers Homeowners' Assoc.*, the number of Americans living in community associations is growing dramatically. 383 *N.J.Super.* 22, 890 *A.*2d 947 (App.Div.), *cert. granted,* 186 *N.J.* 608, 897 *A.*2d 1061 (2006). Consequently, we do not find this matter to be moot. The issue then, is whether *N.J.S.A.* 46:8B–14(k) requires alternative dispute procedures to be employed as a pre-requisite and condition to litigation.

*N.J.S.A.* 46:8B–14(k) of the Condominium Act provides that "[a]n association shall provide a fair and efficient procedure for

the resolution of housing-related disputes between individual unit owners and the association, and between unit owners, which shall be readily available as an alternative to litigation." Similarly, the Planned Real Estate Development Full Disclosure Act (PREDF-DA), *N.J.S.A.* 45:22A–44(c), provides that "[t]he association shall provide a fair and efficient procedure of the resolution of disputes between individual unit owners, which shall be readily available as an alternative to litigation."

Plaintiff contends there is nothing within the Condominium Act or the PREDFDA that states that ADR is a prerequisite to litigation. Rather, the provisions provide that ADR shall be a remedy made available, not that the Association or other party must exhaust such remedy before resorting to litigation. Plaintiff also asserts that *N.J.S.A.* 46:8B–14(k) is only applicable to housing-related disputes, not in a situation where the safety of others is at issue. Plaintiff contends that because Thomas' actions posed such a threat to other unit owners, the Association was compelled to seek relief by way of court order rather than submit the dispute to ADR. Plaintiff also claims it has a fiduciary duty to protect the interests of the other unit owners, and that failure to protect these interests could be deemed bad faith on the part of the Association.

Moreover, the plaintiff points to *N.J.S.A.* 46:8B–16(b) which provides that:

[f]ailure to comply with the by-laws and the rules and regulations governing the details of the use and operation of the condominium, the condominium property and the common elements, and the quality of life therein, in effect from time to time, and with the covenants, conditions and restrictions set forth in the master deed or in deeds of units, shall be grounds for reasonable fines and assessments upon unit owners maintainable by the association, or for an action for the recovery of damages, for injunctive relief, or for a combination thereof, maintainable by the association or by any other unit owner or by any person who holds a blanket mortgage or a mortgage lien upon a unit and is aggrieved by any such noncompliance.

Plaintiff alleges that its claims under the Association's governing documents are supported by Section XIII of the Master Deed and Article VIII, Section 7 of the Association's By-laws. Section XIII of the Master Deed states:

[e]ach unit owner or occupant shall comply with the provisions of this Master Deed, the By–Laws, the Rules and Regulations of the Association and its representative ... Failure to comply with any such provisions, rules or regulations shall be grounds for an action to recover sums due, damage or injunctive relief by the Grantor, the Association and any other unit owner.

Article VII, Section 7 of the Association's By–Laws provide:

[i]n order to provide for congenial occupancy of the Property and for the protection of the values of the Units the use of the Property (including the Association property) shall be restricted to and shall be accordance with the following provisions:

...

(b) No nuisances shall be maintained by any Unit Owner, nor shall any use or practice be allowed by any Owner which is a source of annoyance to, or which interferes with the peaceful possession or proper use of, the Apartment Units or Common Elements by Unit Owners.

(c) No immoral, improper, offensive or unlawful use shall be made of any Apartment Unit or part thereof or of any of the Common Elements, and all valid laws, zoning ordinances and regulations of all governmental bodies having jurisdiction thereof shall be observed. Violations of laws, orders, rules and regulations or requirements of any governmental agency having jurisdiction thereof shall be complied with, by and at the sole expense of the Unit Owners or the Association, whichever shall have the obligation to maintain or repair such portion.

Plaintiff alleges that based on the above-cited provisions, it has made a prima facie showing that its claims are valid under both *N.J.S.A.* 46:8B–16(b) and the Association's governing documents. Consistent with principles of statutory construction, the two statutes, *N.J.S.A.* 46:8B–16(b) and *N.J.S.A.* 46:8B–14(k) must be read in in pari materia, that is, as laws dealing with the same subject, they must be construed together as a unitary and harmonious whole. *Ricci v. Ricci,* 96 *N.J.Super.* 214, 232 *A.2d* 709 (Juv. & D.R. Ct.1967).

An analysis of the language in each statute permits such a reading. *N.J.S.A.* 46:8B–16(b) empowers both an association or a unit holder to seek injunctive relief if there is a failure to comply with the by-laws and the rules and regulations governing the use and operation of the condominium, the condominium property, the common elements and the quality of life therein, as well as a breach of the other covenants, conditions or restrictions set forth in the master deed.

Consistent with the public policy of New Jersey, which favors alternate dispute resolution, *N.J.S.A.* 46:8B–14(k) provides that an association must establish a fair and efficient procedure of the resolution of housing-related disputes between individual unit owners and an association and between unit owners as a readily available alternative to litigation. *See Faherty v. Faherty,* 97 *N.J.* 99, 105, 477 *A.2d* 1257 (1984); *Barcon Assoc. v. Tri–County Asphalt,* 86 *N.J.* 179, 186, 430 *A.2d* 214 (1981).

As the *Twin Rivers* case held, the requirement that ADR be "readily available" cannot be read outside the context of the phrase that immediately follows, "as an alternative to litigation." 383 *N.J.Super.* at 63, 890 *A.2d* 947. In that case, the court noted that it would "require a contorted reading of the language and the legislative intent of this statute for the court to hold that the ADR requirement was meant to apply to every dispute between an individual member and an association." *Ibid.* The court went on to hold that "ADR is to resolve disputes that would otherwise be litigated, but it does not preclude litigation and the Association cannot mandate that an individual unit owner submit their dispute to ADR." *Id.* at 64, 890 *A.2d* 947.

Therefore, so long as the unit owner and Association have a legitimate basis under the by-laws, the deed, or related covenants to file a suit, same may be filed pursuant to *N.J.S.A.* 46:8B–16(b) without first resorting to alternative dispute resolution. However, consistent with *N.J.S.A.* 46:8B–14(k), once a suit is filed, either litigant may seek to dismiss the matter if they choose to make use of the alternative dispute remedy which must be made available to them under the Condominium Act. In other words, submission to ADR is not a prerequisite to suit, but once a suit is filed, the respondent in the action may seek to have the matter sent to ADR under the statute.[1]

---

[1] This, of course, does not preclude a unit owner, owners, or a condominium association that has a dispute from first seeking or offering to submit the matter to ADR before instituting a suit. We note that such a course may be advisable

Generally, should an appropriate party seek ADR under *N.J.S.A.* 46:8B–14(k) after suit is filed, absent some compelling circumstances, the trial judge should dismiss the matter without prejudice and require it be submitted for alternative dispute resolution. We recognize, however, that there may certainly be instances in which the trial judge, in an appropriate exercise of discretion, may refuse to dismiss the action and send it to alternate dispute resolution. The compelling circumstances which may cause a court to bypass ADR would include an immediate threat to the safety of others or an immediate and substantial threat to property.

This approach is consistent with both sections of the Condominium Act, recognizes the public policy favoring alternative dispute resolution and is consistent with our view that "[l]itigation should be a last resort, not a first one." *Billig v. Buckingham Towers Condo. Assoc.*, 287 *N.J.Super.* 551, 564, 671 *A.*2d 623 (App.Div. 1996).

It will remain necessary for courts in such cases to examine the statutory standing of the parties in any such litigation to request ADR. The language of *N.J.S.A.* 46:8B–14(k) and *N.J.S.A.* 45:22A–44(c) refers to the "association" and the "unit owners" and does not include "tenants." By virtue of the plain language of these statutes, tenants are not covered by the Condominium Act and PREDFDA. However, as an exercise of the court's inherent equitable powers, if the issue before a court is tenant related, in order to make the statutorily mandated ADR alternative meaningful, ADR should also be made available to the tenant where the unit owner is also a party to the lawsuit and any subsequent ADR. *See Roach v. Margulies*, 42 *N.J.Super.* 243, 246, 126 *A.*2d 45 (App.Div.1956). To do otherwise would undercut the measure of

and consistent with the *Twin Rivers* observation that "[ADR] is offered to provide a quicker and perhaps more efficient method of resolution of issues that would otherwise be subjected to lengthy and potentially expensive court proceedings." 383 *N.J.Super.* at 64, 890 *A.*2d 947.

judicial economy sought by the statutes at issue and may prevent meaningful ADR in such circumstances. *See Garfinkel v. Morristown Obstet. & Gynec. Assoc.*, 168 *N.J.* 124, 137, 773 *A.*2d 665 (2001).

An examination of the record in this case indicates that the instances complained of occurred over a six month period before the litigation was filed. The trial judge evidently found no immediate compelling circumstances that required her not to honor the unit owner's request under the statute for ADR. While the trial judge was mistaken in her conclusion that primary jurisdiction rested with the Municipal Court due to the pending actions there by the Association against the tenant, she appropriately exercised her discretion to have the entire issue among the tenant, the unit owner, and the Association referred to ADR. Consequently, the trial court's order dismissing without prejudice the plaintiff's claim is affirmed.[2]

The plaintiff's claim of insufficiency for purposes of *R.* 1:7–4 is without merit. The court's order states the reasons for the dismissal, and sets forth the court's determination. The order appears sufficient to afford a meaningful review by us. *See Raspantini v. Arocho*, 364 *N.J.Super.* 528, 532–533, 837 *A.*2d 417 (App.Div.2003). Plaintiff's further argument that the trial court's failure to provide oral argument under *R.* 1:6–2(d) also fails. The plaintiff had every expectation of an oral argument being had when the motion to dismiss requested it and the order to show cause set forth a return date at which time argument would be had.[3] Therefore, although we see a lack of justification for the

---

[2] Proofs indicate defendant, Paul Rabinowitz, had no legal interest in the unit so the dismissal as to him was also appropriate.

[3] The court executed the order to show cause in this matter on January 27, 2005, setting a date for the hearing on the preliminary injunction for March 4, 2005. However, due to pending matters involving Thomas in the Bridgewater Township Municipal Court, this date was subsequently adjourned by the court at Thomas' request.

trial court's failure to have oral argument, given the record in this matter, we find no prejudice under the circumstances. *See Spina Asphalt Paving v. Borough of Fairview,* 304 *N.J.Super.* 425, 427, 701 *A.*2d 441 (App.Div.1997).

■■■■ Lastly, with respect to defendant Thomas' argument that there was a violation of the Federal Fair Housing Amendments Act, 42 *U.S.C.* §§ 3601–3631 (2000), we note that the issue is not properly before this court. *R.* 2:6–2 provides that an issue not raised below, will ordinarily not be considered on appeal unless the issue is jurisdictional in nature or substantially implicates a matter of public interest. Pressler, *Current N.J. Court Rules,* comment 2 on *R.* 2:6–2 (2007). In this case, an allegation of disability was not presented to the trial court, and given the current posture, does not implicate an issue of public interest such that it need be addressed.

For the reasons set forth above, the trial court's order is affirmed.