**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0156-21

GINO CAPRIO,

    Plaintiff-Appellant,

v.

NUTLEY PARK SHOPRITE,
INC., a New Jersey Corporation,
a/k/a/ SHOPRITE OF NUTLEY,
and JOHN PURCARO,

    Defendants-Respondents.

_____

> Submitted September 13, 2022 – Decided September 21, 2022
>
> Before Judges Messano and Rose.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3791-21.
>
> Anthony H. Guerino, attorney for appellant.
>
> Epstein Becker & Green, PC, attorneys for respondents (Anthony Argiropoulos, Maximilian Cadmus and Steven T. Passarella, Jr., of counsel and on the brief).

PER CURIAM

Plaintiff Gino Caprio appeals from the Law Division's August 6, 2021 order dismissing his complaint against defendants Nutley Park ShopRite, Inc. (ShopRite), and the manager of its supermarket, John Purcaro, with prejudice. The order resulted from defendants' motion to dismiss the complaint pursuant to Rule 4:6-2(e).[1]  For our purposes, we therefore accept the factual allegations in plaintiff's complaint as true.  See Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, PC, 237 N.J. 91, 107 (2019) ("A court considering a Rule 4:6-2(e) motion examines 'the legal sufficiency of the facts alleged on the face of the complaint.'" (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989))).

Plaintiff alleged that while at the ShopRite in "mid" November 2018, Purcaro approached and "advised" him to "leave the premises," telling plaintiff

---

[1]  Rule 4:6-2(e) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Although the time bar of a statute of limitations is an affirmative defense, see Rule 4:5-4, we have historically permitted the issue to be joined by the filing of a motion to dismiss before an answer is filed.  See Rappeport v. Flitcroft, 90 N.J. Super. 578, 581 (App. Div. 1966) ("[W]here the bar of the statute of limitations appears on the face of the complaint, it may be asserted as a 'failure to state a claim upon which relief can be granted.'" (quoting predecessor to R. 4:6-2(e))).

that Wakefern Food Corporation (Wakefern), ShopRite's parent company, received emails from a female patron accusing plaintiff of "inappropriate conduct while she was shopping" at the supermarket. Plaintiff alleged Purcaro "forcibly and boisterously removed" him from the premises, and this occurred in the presence of other customers who knew plaintiff. Plaintiff alleged the incident was "humiliating and embarrassing" and caused him "both physical and mental distress."

Plaintiff tried to get copies of the alleged email complaints, but ShopRite "resisted." In "late May[] 2020," he received an undated letter from Michael Reilly, the Director of Human Resources for ShopRite, stating that following a search of Wakefern's databases, he found "no record of any e-mail, call, complaint or compliment relating to" plaintiff and concluded ShopRite "ha[d] not received such an email." Nearly one year later, on May 11, 2021, plaintiff filed his complaint alleging infliction of emotional distress, defamation, and violation of the New Jersey Civil Rights Act (CRA), N.J.S.A. 10:6-1 to -2.

Defendants moved to dismiss before filing an answer, contending all plaintiff's claims were barred by applicable statutes of limitations. Defendants included a redacted copy of an alleged customer complaint regarding plaintiff's in-store behavior. They requested oral argument if the motion was opposed.

3

Plaintiff opposed the motion and cross-moved for an unredacted copy of the email. Given Reilly's letter stating Wakefern had no record of any complaints made against him, plaintiff argued that dismissal was premature and that he was first entitled to discovery. Plaintiff requested that the court "conduct a '<u>Lopez</u>'[2] hearing" after discovery was completed, and he, too, sought oral argument on the motion.

For reasons not fully explained by the record, the judge decided the motion and cross-motion without oral argument.[3] In a cogent written statement of reasons supporting the August 6, 2021 order, the motion judge concluded that all of plaintiff's causes of action were time-barred by applicable statutes of limitations, and plaintiff failed to establish any basis for invocation of the "discovery rule," which permits the equitable tolling of the limitations periods.

Before us, plaintiff argues the judge failed to apply the proper standard of review in deciding the motion to dismiss, erred by failing to conduct a <u>Lopez</u> hearing, and her failure to accord plaintiff oral argument requires reversal. We

---

[2] <u>Lopez v. Swyer</u>, 62 N.J. 267, 272–73 (1973).

[3] Defendants' appendix includes a June 30, 2021 eCourts notice erroneously advising that the motion to dismiss had been filed, it would be decided August 6, 2021, and it was unnecessary for counsel to come to court because "no oral argument has been requested."

A-0156-21

find none of these contentions persuasive and affirm substantially for the reasons expressed by motion judge.

"Determining whether a cause of action is barred by a statute of limitations is a question of law that we review de novo." Save Camden Pub. Schs. v. Camden City Bd. of Educ., 454 N.J. Super. 478, 487 (App. Div. 2018) (citing Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016)). There is no dispute regarding the applicable statute of limitations for each cause of action in plaintiff's complaint: one year for his defamation claim, see N.J.S.A. 2A:14-3; two years for his negligent or intentional infliction of emotional distress claim, see N.J.S.A. 2A:14-2; Fraser v. Bovino, 317 N.J. Super. 23, 34 (App. Div. 1998) ("The claims asserted for negligence and infliction of emotional distress are governed by the two-year statute of limitations contained in N.J.S.A. 2A:14-2."); and two years for his CRA claims, see Lapolla v. Cnty. of Union, 449 N.J. Super. 288, 298 (App. Div. 2017) (holding the statute of limitations for claims under the CRA is two years as set forth in N.J.S.A. 2A:14-2(a)).

Plaintiff argues the judge failed to accord his complaint the generous reading required pursuant to Rule 4:6-2(e). But we agree with the motion judge that every cause of action in plaintiff's complaint accrued sometime in "mid" November 2018, when, citing plaintiff's alleged inappropriate conduct, Purcaro

5

physically escorted him from the supermarket, an incident witnessed by others who knew plaintiff. See Petro-Lubricant Testing Lab'ys, Inc. v. Adelman, 233 N.J. 236, 250 (2018) ("A defamation action must be filed within one year of the publication of an actionable writing or utterance."); Save Camden Pub. Schs., 454 N.J. Super. at 489 (holding that the cause of action accrued on the date when the "alleged harm in plaintiffs' CRA claim" occurred); R.A.C. v. P.J.S., Jr., 192 N.J. 81, 97 (2007) ("[A] statute of limitations 'generally accrues from the date of the negligent act or omission.'" (quoting Martinez v. Cooper Hosp.-Univ. Med. Ctr., 163 N.J. 45, 51 (2000))). Plaintiff's May 2021 complaint was time barred.

Plaintiff contends the factual dispute regarding the existence and contents of customer complaints about his conduct required additional discovery and a Lopez hearing. According to plaintiff, "[w]hether the [c]omplaint will or will not support [his] claims . . . depend[s] on whether . . . [d]efendant[s] did or did not receive a customer complaint . . . ." But whether plaintiff's complaint might succeed is not the proper test to apply in deciding defendants' motion to dismiss. See Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (noting "the ability of the plaintiff to prove its allegations is not at issue" (citing Printing Mart-Morristown, 116 N.J. at 746)).

6

Plaintiff's argument that the factual dispute regarding the existence of customer complaints compelled a <u>Lopez</u> hearing is equally unavailing. "Under the [discovery] rule, a claim does not accrue until the plaintiff 'discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he [or she] may have a basis for an actionable claim.'" <u>Catena</u>, 447 N.J. Super. at 52–53 (quoting <u>Lopez</u>, 62 N.J. at 272). "The party seeking the rule's benefit bears the burden to establish it applies." <u>Id.</u> at 53 (citing <u>Lopez</u>, 62 N.J. at 276).

Any dispute as to whether ShopRite received a customer complaint was irrelevant to the accrual of plaintiff's claims because plaintiff denied engaging in any inappropriate conduct justifying his removal from the supermarket, and he claimed to have suffered "physical and mental distress" resulting from Purcaro's actions in mid-November 2018. Plaintiff was not entitled, therefore, to restart the limitations clock in May 2020, when he allegedly received Reilly's undated letter, and get the benefit of the discovery rule's equitable tolling of the statute of limitations. The motion judge did not err in denying a <u>Lopez</u> hearing. <u>See</u> <u>J.P. v. Smith</u>, 444 N.J. Super. 507, 528 (App. Div. 2016) ("A <u>Lopez</u> hearing is only required when the facts concerning the date of the discovery are in dispute." (quoting <u>Henry v. N.J. Dep't of Hum. Servs.</u>, 204 N.J. 320, 336 n.6 (2010))).

A-0156-21

Lastly, undoubtedly both parties should have been accorded oral argument on the motion and cross-motion. See R. 1:6-2(d) (with the exception of discovery motions and those "directly addressed to the calendar," requiring requests for oral argument to be "granted as of right"). Here, however, there appears to have been a clerical oversight in scheduling the motions.[4]

We are convinced that any error in this regard was harmless. See R. 2:10-2 ("Any error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result . . . ."). Plaintiff neither specifies what additional information or legal contention he would have proffered during oral arguments, nor does he suggest that holding arguments could have resulted in a different outcome. In other words, plaintiff suffered no prejudice from the failure to hold oral argument. See, e.g., Finderne Heights Condo. Ass'n v. Rabinowitz, 390 N.J. Super. 154, 165–66 (App. Div. 2007) ("[A]lthough we see a lack of justification for the trial court's failure to have oral argument, given the record in this matter, we find no prejudice under the circumstances."); Triffin v. Am. Int'l Grp., Inc., 372 N.J. Super. 517, 524 (App. Div. 2004) (holding that since "the motion judge

---

[4] Although it appears from the eCourts communication in the appellate record that the notice was posted with adequate time for either party to address the issue with the clerk.

nevertheless arrived at the proper result under the factual circumstances presented," the judge's "refusal to entertain oral argument is insufficient to require our intervention").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION