**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1082-22

DISCOVER BANK,

     Plaintiff-Respondent,

v.

S. GEORGE PODURGIEL,
a/k/a GEORGE PODURGIEL,

     Defendant-Appellant.

_____

Argued October 10, 2024 – Decided October 18, 2024

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0758-22.

George Podurgiel, appellant, argued the cause pro se.

Donald V. Valenzano, Jr. argued the cause for respondent (Pressler, Felt & Warshaw, LLP, attorneys; Donald V. Valenzano, Jr. and Michael J. Peters, on the brief).

PER CURIAM

Defendant S. George Podurgiel appeals from a November 9, 2022 order granting plaintiff Discover Bank summary judgment against defendant totaling $21,760.21. We affirm.

In March 2022, plaintiff sued defendant in connection with a default on defendant's charged-off credit card account. Defendant filed an answer, claiming: the judgment amount sought was incorrect; he was the victim of identity theft or mistaken identity; plaintiff was time barred from collecting the debt; and that defendant's ex-wife had access to the account, and was responsible for the debt.

In October 2022, plaintiff moved for summary judgment. Its motion included a twenty-three-paragraph statement of undisputed material facts, pursuant to Rule 4:46-2(a). Attached to the statement was a certification from a litigation support coordinator attesting to the fact plaintiff loaned defendant the money and $21,430.45 remained due. The certification attached documentation showing: the amount in default, and the total due and owing; a statement showing the amount charged off; an account statement showing active and knowing use of the account; and defendant's mailing address, which corresponded with the address he put in his answer.

Defendant did not file a response to plaintiff's statement of uncontested material facts as required by Rule 4:46-2(b). Instead, he argued plaintiff violated the: Truth in Lending Act (TILA), 15 U.S.C. § 1601 to -1667(f); Credit Card Accountability Responsibility and Disclosure Act of 2009 (CARD Act), Pub. L. No. 111-24, 123 Stat. 1734 (2009); Regulation Z, 12 C.F.R. § 226, which implements TILA and the CARD Act; New Jersey Truth in Consumer Contract Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 to -18; and New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-2. Defendant's opposition to the summary judgment motion was filed late and was not accompanied by a certification as required by Rule 4:46-5(a). Nonetheless, the motion judge considered his arguments.

The judge found "[d]efendant's opposition consist[ed] of bare legal conclusions . . . entirely unsupported by affidavit or competent evidence. Even in viewing the facts most favorably to . . . defendant, [he] has waived his right to dispute and the underlying balance and charges." She noted Regulation Z affords consumers sixty days to dispute a charge from the date of a credit card statement showing an error. 12 C.F.R. § 226.13(b)(1). A failure to dispute a charge within the allotted time constituted waiver of the right to dispute the

A-1082-22

charge later.  And "[d]efendant provide[d] no evidence that any written dispute was made within the sixty-day time period."

The judge concluded summary judgment in plaintiff's favor was appropriate because the unopposed statement of undisputed material facts was "deemed admitted."  Also, "it is not disputed that defendant maintained a credit account with plaintiff . . . [and] that defendant is in default for the amount of $21.432.55, which is subject to [a] credit of $2.10, for a total amount due and owing of $21,430.45."

I.

On appeal, defendant argues the amount of the judgment is incorrect because the motion judge ignored the fact he asserted the affirmative defenses of recoupment or set-off.  He asserted these defenses under TILA, and the judge incorrectly concluded they were waived because they were not raised within sixty-days.

Defendant challenges the judge's findings that he failed to produce competent evidence of TILA violations.  He claims plaintiff increased the annual percentage rate (APR) on his account without giving him the forty-five-days' notice required by federal regulations.  Plaintiff also failed to provide any information about accessing debt management services, and the APR was not

4

listed in sixteen-point font or otherwise highlighted and emphasized, as required by federal regulations. The cardholder agreement between him and plaintiff also violated TILA because: it was confusing; failed to specify whether he had to pay the minimum amount due; and "scattered" the minimum payment due, default, and the billing rights sections on the statement, rather than group them.

Defendant argues the judge should have found plaintiff violated his rights pursuant to the TCCWNA because of plaintiff's failure to comply with the TILA, Regulation Z, and CARD. The judge's decision violated due process because she misapplied the law and the Rules of Court. Also, plaintiff did not effectuate service of process on him and its pleadings contained numerous deficiencies including that: there was no sum endorsed on the summons; the complaint was not dated and did not state the date or time period of the alleged default; a case information statement was not attached to the complaint; the complaint was "factually deficient" because it was "conclusory and lack[ed] specific facts[;]" and plaintiff's principal place of business in the complaint was "misleading."

Defendant claims plaintiff failed to show proof of service of the summary judgment motion or its reply to his opposition to summary judgment. There was also a dispute in material fact regarding the date plaintiff's claim arose. Defendant argues there were several procedural errors because plaintiff and the

5

judge failed to follow the requirements of Rule 4:105-5. Further, plaintiff misled defendant and the judge about defendant's right to oppose summary judgment, because its motion indicated "oral argument was available only by direction of the [trial] [c]ourt" and "omitted mention of the grant of oral argument to [d]efendant as a matter of right."

Defendant alleges the summary judgment motion did not append an affidavit and therefore the evidence presented to the judge was inadmissible hearsay. Rather, plaintiff submitted a certification by a person who lacked personal knowledge. Therefore, the judge could not rely upon the certification's attachments, including the cardmember agreement, credit card statements, and other evidence presented to grant summary judgment. Even so, defendant claims the account records submitted by plaintiff contained discrepancies, which should have thwarted summary judgment.

## II.

It is well established that in order "[t]o collect on a revolving credit card debt, [a plaintiff] is required to provide the transactions for which payment has not been made, any payments that have been made, the annual percentage and finance charge percentage rates and the billing cycle information." LVNV Funding, L.L.C. v. Colvell, 421 N.J. Super. 1, 7-8 (App. Div. 2011) (citing R.

6:6-3(a)).  Moreover, the consumer's use of a credit card constitutes the formation of a contract and signifies the consumer's acceptance of, and acquiescence to, the terms therein.  See Novack v. Cities Serv. Oil Co., 149 N.J. Super. 542, 547-49 (Law Div. 1977).

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court, namely, the standard set forth in Rule 4:46-2(c).  Conley v. Guerrero, 228 N.J. 339, 346 (2017).  We consider whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

A party opposing summary judgment "bears the . . . burden of responding. That burden is not optional[,]and it cannot be satisfied by the presentation of incompetent or incomplete proofs."  Polzo v. Cnty. of Essex, 196 N.J. 569, 586 (2008) (citations omitted).  "Rule 4:46-2 dictates . . . a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence . . . creat[ing] a 'genuine issue as to [a] material fact . . . .'"  Brill, 142 N.J. at 529 (emphasis in original).  "Competent opposition

A-1082-22

requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments." Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009)). Further, the opposing party must "file a responding statement either admitting or disputing each of the facts in the movant's statement." R. 4:46-2(b).

If, as here, there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." Dickson v. Cmty. Bus Lines, Inc., 458 N.J. Super. 522, 530 (App. Div. 2019) (citing Prudential Prop. & Cas. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998)). We accord no deference to the trial judge's conclusions of law and review these issues de novo. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

Pursuant to these principles, we are satisfied plaintiff presented sufficient undisputed evidence of defendant's credit card debt warranting the entry of summary judgment in its favor as a matter of law. We affirm substantially for the reasons expressed in the motion judge's opinion. We add the following comments.

III.

We decline to address defendant's arguments attacking the sufficiency of: the service of process; the summons and the complaint, including his arguments related to plaintiff's principal place of business; the notice of the summary judgment motion and the evidence submitted by plaintiff in support of the motion because they were not raised before the motion judge. Nieder v. Royal Indem., Ins. Co., 62 N.J. 229, 234 (1973). Defendant's arguments regarding Rule 4:105 lack merit because the Rule governs motion practice in cases assigned to the complex business litigation program, see Rule 4:105-1, which this case was not.

There were no due process violations warranting our intervention. Due process requires "adequate notice, opportunity for a fair hearing[,] and availability of appropriate review." Schneider v. E. Orange, 196 N.J. Super. 587, 595 (App. Div. 1984) (citation omitted). A complaint must plead sufficient facts to suggest a cause of action. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 769 (1989). Defendant had more than adequate notice of plaintiff's claims and the opportunity to oppose the summary judgment motion.

Beyond the pleadings, defendant's assertion that he was misled into abandoning oral argument is unsupported by the record. Pursuant to Rule 1:6-

9

2(d), "no motion shall be listed for oral argument unless a party requests oral argument in the moving papers or . . . timely-filed answering or reply papers . . . ." Defendant's opposition to the summary judgment motion waived oral argument. Regardless, we are unpersuaded the lack of oral argument prejudiced defendant under the circumstances, or that having oral argument would have changed the outcome. See Finderne Heights Condo. Ass'n, Inc. v. Rabinowitz, 390 N.J. Super. 154, 165-66 (App. Div. 2007) ("[A]lthough we see a lack of justification for the trial court's failure to have oral argument, given the record in this matter, we find no prejudice under the circumstances."); Triffin v. Am. Int'l Grp., Inc., 372 N.J. Super. 517, 524 (App. Div. 2004).

Affirmative defenses must be pled, or they are otherwise waived. Brown v. Brown, 208 N.J. Super. 372, 384 (App. Div. 1986). "[A] responsive pleading shall set forth specifically and separately a statement of facts constituting an avoidance or affirmative defense. . . ." Kopin v. Orange Prods., Inc., 297 N.J. Super 353, 375 (App. Div. 1997) (omission in original) (citing R. 4:5-4).

Set-off and recoupment are both affirmative defenses. Pressler & Verniero, Current N.J. Court Rules, cmt. 34 on R. 4:5-4 (2024) (GANN). Recoupment is an affirmative defense under both New Jersey and federal law. Assoc. Home Equity Serv., Inc. v. Troup, 343 N.J. Super. 254, 271 (App. Div.

2001). Set-off has been construed as an affirmative defense or, alternatively, as a counterclaim requiring pleading. Beneficial Fin. Co. v. Swaggerty, 86 N.J. 602, 609 (1981). Defendant failed to plead either of these affirmative defenses. Therefore, those defenses were waived.

The TILA, 15 U.S.C. § 1635(e), and Regulation Z, 12 C.F.R. § 226.23(f), protect consumers by requiring certain disclosures from creditors. CARD amended the TILA to add additional requirements for creditors and enhanced disclosures. See generally 15 U.S.C. § 1601 to 1667, 168,1 and 1693. In relevant part, CARD provides:

> Advance notice of increase in interest rate required. In the case of any credit card account under an open end consumer credit plan, a creditor shall provide a written notice of an increase in an annual percentage rate (except in the case of an [exception]) . . . not later than [forty-five] days prior to the effective date of the increase.

> [15 U.S.C. § 1637(i)(1).]

The TILA requires disclosure of "a significant change in account terms[,]" which includes changes to: (1) "a term required to be disclosed under Section 1026(b)(1) and (b)(2);" (2) "an increase in the required minimum periodic payment;" (3) "a change to a term required to be disclosed under section 1026(b)(4);" or (4) "the acquisition of a security interest." 12 C.F.R.

A-1082-22

§ 1026.9(c)(2)(ii).  However, a creditor is not required to provide notice when the change is "an increase in a variable [APR] in accordance with a credit card or other account agreement that provides for changes in the rate according to operation of an index that is not under the control of the creditor and is available to the general public . . . ."  Id. at § 1026.9(c)(2)(v)(C).

The TILA further requires certain disclosures "for each billing cycle at the end of which there is an outstanding balance" or "to which a finance charge is imposed," including "a toll-free telephone number at which the consumer may receive information about accessing credit counseling and debt management services."  15 U.S.C. § 1637(b)(11)(B)(iv).  Section 226.17(a)(2) requires that the terms "'finance charge' and ['APR'] . . . be disclosed . . . more conspicuous[ly] than any other [required] disclosure."  12 C.F.R. § 226.17(a)(2).  Section 1026.6(b)(2) requires disclosures for account-opening disclosures to be in sixteen-point font.  12 C.F.R. § 1026.6(b)(2)(i).

The Fair Credit Billing Act was enacted to add several requirements to the TILA and sets forth provisions for a cardholder to raise disputes in an account statement.  Am. Express Co. v. Koerner, 452 U.S. 233, 234 (1981).  It defines a billing error, in pertinent part, as "[a] computation error or similar [accounting] error . . . on a statement."  15 U.S.C. § 1666(b)(3)(5).  A cardholder must notify

12

the original creditor of a billing dispute in writing within sixty days of receipt of the account statement to preserve the claim under the TILA.  15 U.S.C. § 1666(a).

The TCCWNA "'prevent[s] deceptive practices in consumer contracts.'" Dugan v. TGI Fridays, Inc., 231 N.J. 24, 67 (2017) (quoting Kent Motor Cars, Inc. v. Reynolds & Reynolds Co., 207 N.J. 428, 457 (2011)).  It requires sellers "to acknowledge clearly established consumer rights" and to "provide[] remedies for posting or inserting provisions contrary to law."  Shelton v. Restaurant.com, Inc., 214 N.J. 419, 432 (2013).

A defendant alleging a claim under the TCCWNA must establish

> that the [plaintiff] was a ". . . creditor[ or] lender . . ."; . . . that the [plaintiff] offered or entered into a "written consumer contract or [gave] or display[ed] any written consumer warranty, notice or sign"; . . . that at the time that the written consumer contract is signed or the written consumer warranty, notice or sign is displayed, that writing contains a provision that "violates any clearly established legal right of a consumer or responsibility of a . . . creditor[ or] lender . . ." as established by State or Federal law; and . . . that the [defendant] is an "aggrieved consumer."
>
> [Spade v. Select Comfort Corp., 232 N.J. 504, 516 (2018) (quoting N.J.S.A. 56:12-15 to -17).]

A-1082-22

Establishing status as an "aggrieved consumer" requires "evidence that the consumer suffered adverse consequences as a result of the [plaintiff's] regulatory [or statutory] violation . . . ." Id. at 524.

To state a claim under the CFA, each of the following three elements must be alleged: "1) unlawful conduct by [the plaintiff]; 2) an ascertainable loss by [the defendant]; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." D'Agostino v. Maldonado, 216 N.J. 168, 184 (2013) (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009)). Unlawful conduct is:

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale . . . or with the subsequent performance of such person . . . .
>
> [N.J.S.A. 56:8-2.]

"[T]he business practice in question must be 'misleading' and stand outside the norm of reasonable business practice in that it will victimize the average consumer . . . ." Dabush v. Mercedes-Benz USA, LLC, 378 N.J. Super. 105,

14

115 (App. Div. 2005) (quoting N.J. Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 13 (App. Div. 2003)) (omission in original).

Defendant's opposition to the motion for summary judgment was devoid of any basis for the motion judge to conclude plaintiff violated the TILA, CARD, Regulation Z, TCCWNA, or CFA. He failed to produce competent evidence to prove a violation of the TILA and its amendments, and there was no evidence showing he was an "aggrieved consumer" under the TCCWNA.

Although defendant argues plaintiff failed to comply with the TILA's forty-five-day notice requirement when it failed to disclose an interest rate increase, the increase fell within the exception outlined by 12 C.F.R. § 1026.9(c)(c)(2)(v), and defendant's cardmember agreement specifically included language accounting for variable APRs. Further, the statute's sixteen-point font regulation applies only to account opening disclosures, not monthly statements. 12 C.F.R. § 1026.6(b)(2).

The motion judge correctly concluded defendant offered nothing more than conclusory arguments in opposition to summary judgment. To the extent we have not addressed an argument raised on the appeal, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1082-22