**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3872-23

GEORGE DANDS,

    Plaintiff-Appellant,

v.

MADRID CONDOMINIUM
ASSOCIATION, INC., A NEW
JERSEY NONPROFIT
CORPORATION,

    Defendant-Respondent.

          Submitted January 28, 2026 – Decided April 6, 2026

          Before Judges Currier and Berdote Byrne.

          On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0201-23.

          George Dands, self-represented appellant.

          Briggs Law Office, LLC, attorneys for respondent (Norman W. Briggs and Maria D. Senico, on the brief).

PER CURIAM

In this dispute between plaintiff and defendant Madrid Condominium Association (the HOA) primarily related to the allocation of parking spaces at the condominium premises, plaintiff appeals from two summary judgment orders entered in favor of the HOA and the subsequent order for counsel fees. After a careful review of the contentions in light of the factual record and applicable principles of law, we affirm the orders.

Plaintiff purchased a condominium unit in 2006 and executed a Deed that was subject to "the conditions, restrictions, covenants and agreements set forth in the Master Deed . . . including the By-Laws of the [HOA] . . . ." The Master Deed and By-Laws permitted each unit to have one designated parking spot. However, at that time, if there were additional available spots, the HOA did not strictly enforce its parking policy.

In 2012, plaintiff complained to the HOA about the use of parking spaces, specifically asserting entitlement to an additional parking space beyond what the Master Deed and By-Laws permitted. As more units became occupied in the condominium building, the HOA began to enforce the rules in the Deed and By-Laws, asking unit owners to only park in their designated spots. Thus, the HOA informed plaintiff that, as the owner of one unit, he was only entitled to one parking spot.

A-3872-23

In 2014, the HOA numbered the parking spaces "so that each unit had one (1) assigned parking space, the commercial space had three (3) assigned parking spaces, and the office had five (5) assigned parking spaces, pursuant to the Master Deed." The HOA sent an email to all residents reiterating the parking policy.

In 2017, plaintiff's attorney sent the HOA a letter stating the change in the parking policy caused "[plaintiff] [to] be[] unable to realize the full economic value of his unit." Counsel requested the HOA revert to the more lenient parking policy that was in place prior to the rise in occupancy. Plaintiff wanted the extra parking space to better accommodate his guests, who were "forced to park in the street despite the availability of parking spaces."

Two years later, plaintiff's attorney demanded the HOA permit an inspection of documents from 2012 to 2019, including notice of assessments, annual meeting and capital improvements and a copy of all "QuickBook" records since turnover from the developer. The HOA responded and advised it would send the demand to its attorney. The HOA also advised plaintiff's attorney that plaintiff had not paid the assessments, nor responded to any of the HOA's communications regarding the payments.

A-3872-23

In 2023, plaintiff filed a complaint against the HOA alleging it violated the Master Deed by not providing him with a second parking spot, failed to produce accounting records for inspection, and failed to resolve issues through the use of alternative dispute resolution (ADR). Thereafter, the HOA filed an assessment lien against plaintiff for unpaid condominium association dues and assessments amounting to $17,579.19. The HOA also filed an answer and counterclaim for plaintiff's "non-payment of [HOA] assessments" along with a request for attorney's fees.

The HOA subsequently moved for summary judgment. Plaintiff cross-moved to amend the complaint and opposed the summary judgment motion.

The trial court denied the HOA's motion for summary judgment on November 20, 2023, and ordered the parties to participate in ADR. The court granted the HOA's motion on the counterclaim for unpaid assessments and advised it would schedule a proof hearing to determine the amount due.

After plaintiff filed an amended complaint and the HOA filed its answer and counterclaim, the HOA moved again for summary judgment. On May 24, 2024, the court granted the HOA's motion but ordered the HOA to allow plaintiff to inspect its records.

After a proof hearing, the court entered default judgment in favor of the HOA for $16,180.23, comprised of "$6,659.26 in dues, assessments and late fees, and $5,620.97 in attorney's fees as calculated at the hearing, and $3,900.00 in attorney's fees for period from June 5, 2024 through June 19, 2024 as adjusted by the court . . . ."

Plaintiff filed a notice of appeal. Thereafter, the HOA filed a complaint in foreclosure against plaintiff. When plaintiff failed to answer the complaint, the HOA requested the entry of default in the foreclosure action.

On appeal, plaintiff contends the court erred in granting the HOA summary judgment and dismissing his complaint, and entering default judgment on the counterclaim.

We review the trial court's grant or denial of a motion for summary judgment de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); R. 4:46-2.

Plaintiff has not presented any factual evidence to overturn the grant of summary judgment. As to the parking space allegations, Section 5.02 of the HOA Master Deed explicitly states that there is "[o]ne (1) designated parking space for each residential unit . . . ." As the owner of one unit, plaintiff is entitled to one parking space. The HOA was clearly within its rights to enforce the parking policy restriction plainly delineated in the Master Deed. Plaintiff did not establish any issue of material fact regarding the HOA's enforcement of the parking policy.

Although the court granted the HOA summary judgment on count two—the demand to inspect HOA records—it simultaneously ordered the HOA to make its records available to plaintiff. At the June 2024 proof hearing, HOA counsel advised the court they had contacted plaintiff to schedule an inspection date, but plaintiff had not responded. In its opposition brief filed June 27, 2025, the HOA reiterates that plaintiff has never contacted the HOA regarding an inspection. Plaintiff cannot demonstrate that the court failed to recognize his statutory rights.

We turn to plaintiff's assertion that the court failed to enforce his right to resolve his issues through ADR.

A-3872-23

N.J.S.A. 46:8B-14 mandates that "[a]n association shall provide a fair and efficient procedure for the resolution of housing-related disputes between individual unit owners and the association, and between unit owners, which shall be readily available as an alternative to litigation."  In accordance with the statute, Article X of the HOA's By-Laws (Alternative Dispute Resolution) provides that "[t]he [HOA] shall provide a fair and efficient procedure for the resolution of disputes between Unit Owners and the [HOA], and between different Unit Owners, that shall be readily available as an alternative to litigation, including arbitration as provided under Article XV."  Article X outlines how the ADR committee is to be formed and resolve issues and sets forth the unit owner's right to appeal an ADR decision.

Although "ADR is to resolve disputes that would otherwise be litigated, . . . it does not preclude litigation . . . ."  Committee for a Better Twin Rivers v. Twin Rivers Homeowner's Ass'n, 383 N.J. Super. 22, 64 (App. Div. 2006).  We have stated that "so long as the unit owner and Association have a legitimate basis under the [B]y-[L]aws, the deed, or related covenants to file a suit, same may be filed pursuant to N.J.S.A. 46:8B-16(b) without first resorting to [ADR]."  Fiderne Height Condominium Ass'n, Inc. v. Rabinowitz, 390 N.J. Super. 154, 163 (App. Div. 2007).

A-3872-23

Plaintiff initiated the litigation in May 2023 by filing a complaint against the HOA. Plaintiff did not request ADR prior to the filing of the complaint. Thereafter, the HOA filed a counterclaim.

In denying the initial summary judgment motion in November 2023, the court ordered the parties to participate in ADR regarding the parking issue. Both counsel agreed it was the appropriate procedure. Although the court granted the HOA judgment on the counterclaim, it encouraged the parties to attempt to also amicably reach an agreement as to the amount plaintiff owed in unpaid assessments, dues and attorney's fees.

However, three days after the oral argument on the summary judgment motion, plaintiff filed an amended complaint in which he specifically requested the court to enter judgment "preventing [the HOA] from removing this matter to a forum for [ADR]." (Emphasis added). We cannot understand how plaintiff can credibly argue to this court that he was deprived of his right to resolve his issues in ADR.

Furthermore, when the parties returned to court to argue the second summary judgment motion, counsel agreed they had not pursued ADR and plaintiff's counsel stated it was not necessary since the court was going to schedule a proof hearing regarding the counterclaim. The court then granted

summary judgment as to the ADR count.  We see no reason to disturb that determination.

Having concluded the grant of summary judgment to the HOA was supported by the record and applicable legal principles, we address plaintiff's contentions regarding the judgment on the counterclaim.  Plaintiff asserts there is "substantial evidence" in the record that raises "legitimate factual disputes regarding the alleged nonpayment of assessments."  He further contends the award of $9,520.97 in attorney's fees is unreasonable.

At the proof hearing, the HOA presented a detailed accounting spreadsheet depicting all payments made by plaintiff, who conceded he owed the HOA monies and that the document correctly reflected his payments.  The court then entered judgment in favor of the HOA for the outstanding amount reflected on the spreadsheet.  Because there is no genuine issue as to any material fact regarding the payment of HOA assessments, the court properly granted summary judgment on the counterclaim.

The court also carefully considered the counsel fee application employing the analysis set forth in Rendine v. Pantzer, 141 N.J. 292 (1995).  The court subtracted fees that were either excessive or not specifically incurred in

defending the suit.  The court did not abuse its discretion in the award of counsel fees.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division